295 So.2d 161 (1974)
STATE of Louisiana
v.
James K. MOORE.
No. 54031.
Supreme Court of Louisiana.
February 18, 1974.
Concurring Opinion March 19, 1974.
Rehearing Denied March 22, 1974.
Wm. J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., James Maxwell, Asst. Dist. Atty., Abbott J. Reeves, Special Asst. Dist. Atty., for plaintiff-appellee.
Lloyd N. Frischhertz, Jr., New Orleans, for defendant-appellant.
BARHAM, Justice.
James K. Moore pled guilty to a charge of speeding, R.S. 32:64 and was fined $25.00. He was also charged with operating a motor vehicle while intoxicated, R.S. 14:98, was convicted as charged in the First Parish Court of Jefferson Parish and sentenced to pay a fine of $325.00 and imprisonment for 30 days, which was suspended. The trial court also entered an order suspending his driver's license for one year. He has appealed.
No bills of exceptions were reserved, therefore, our review is limited to errors discoverable by a mere inspection of the record. C.Cr.P. Art. 920.
Defendant suggests that an inspection of the record before us on appeal will show that he was entitled to be represented by counsel, that he was not represented by counsel, that he was not advised of his right to counsel and that he did not waive this right. He contends that the thirty days' suspended jail sentence is sufficient "actual deprivation of a person's liberty" to bring him within the ambit of the rule of Argersinger v. Hamlin, 407 U.S. 25, 92 *162 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The court there stated:
"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial. [92 S.Ct. 2012.]
"Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.
"The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of `the guiding hand of counsel' so necessary when one's liberty is in jeopardy." 92 S.Ct. 2014. (Emphasis here and elsewhere supplied.)
The first question for our resolution is whether or not imposition of a sentence of imprisonment, which is then suspended, requires representation by counsel on the trial of the case. We are convinced that a sentence of imprisonment has been imposed in this case. The execution of the sentence has merely been suspended, either upon the conditions imposed by law, or upon those imposed by the court under authority of law. C.Cr.P. Art. 894 provides that when a defendant has been convicted of a misdemeanor the court may suspend the execution of the sentence imposed and release the defendant "during his good behavior". The suspension of sentence can be for a period as long as one year or as short as is specified. The condition of good behavior requires that the defendant not be convicted of any other offense during the period of suspended sentence. In misdemeanors, if the suspended sentence is in excess of 90 days the court may place the defendant on probation with numerous conditions of probation for a period not in excess of two years. C.Cr.P. Art. 895 lists eight other "specific conditions" of a suspended sentence imposed when the court suspends the execution of sentence and places a defendant on probation:
"When the court suspends the imposition or execution of sentence and places a defendant on probation, it may impose any specific conditions reasonably related to his rehabilitation, including but not restricted to, any or all of the following:
"That the defendant shall:
(1) Meet his specified family responsibilities;
(2) Report to the probation officer as directed;
(3) Permit the probation officer to visit him at his home or elsewhere;
(4) Devote himself to an approved employment or occupation;
(5) Refrain from owning or possessing firearms or other dangerous weapons unless granted written permission by his probation officer;
(6) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;
(7) Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons; or
(8) Remain within the jurisdiction of the court and notify the court or the probation officer of any change in his address or his employment."
C.Cr.P. Art. 899 provides for the arrest of one who has violated any of the terms or conditions of probation under a suspended sentence.
C.Cr.P. Art. 900 provides for sanctions when a defendant violates the condition of *163 his probation, which include the revocation of probation and suspension, and the serving of the suspended sentence of imprisonment.
Thus, it is readily apparent that a suspended sentence for a misdemeanor in and of itself may require custody when probation is invoked. The defendant in such a case is under the supervision of the department of probation and parole. His liberty may be curtailed strenuously under the conditions which may be imposed by authority of C.Cr.P. Art. 895. However, we make no distinction between a suspension of an imposed sentence, and a suspension of an imposed sentence which carries with it probation. The suspended sentence in misdemeanor cases comes only after that sentence has been imposed and merely suspends execution for a period of time. If we were to hold that suspension of sentence is not sufficient deprivation of one's liberty in offenses such as the one at hand because the defendant is not actually imprisoned, we would shift an undue burden to a defendant to seek relief when the suspended sentence is revoked for any cause. A defendant convicted without aid of counsel, whose sentence is suspended, would have to resort to habeas corpus proceedings, which at the very best would mean that for some period of time he would be in actual custody.
Our understanding of Argersinger is that the accused should "receive the benefit of `the guiding hand of counsel' so necessary when one's liberty is in jeopardy." 92 S.Ct. 2014. The United States Supreme Court, a majority of the jurisdictions in this country and our own Court, have held under habeas corpus proceedings that "custody" and "liberty" include more than total physical custody or total physical deprivation of liberty. See Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); and Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). We hold that under the rule of Argersinger v. Hamlin, supra, counsel or waiver of counsel is required before one may be sentenced to imprisonment, whether the sentence is executed or suspended. We hold that either disposition is such a deprivation of a person's liberty that right of counsel attaches for the trial of the offense carrying such a penalty.
Having thus concluded that the defendant here was entitled to counsel or was required to be given the opportunity to waive counsel, we pass to the next contentions of the defendant which are that he was not represented by counsel, not advised of his right to counsel, and did not waive this right. He alleges that his case is controlled by State v. Coody, 275 So.2d 773 (La.1973), wherein we reversed a conviction and sentence, which carried 90 days imprisonment under a charge of operating a vehicle while intoxicated, because the defendant was not represented by counsel and had not been advised of his right to counsel under the record of the case. Coody was based on C.Cr.P. Art. 514 which provides:
"The minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to court-appointed counsel."
The facts of the Coody case distinguish it from the one at hand. In Coody, the totality of the record in regard to counsel or waiver of counsel was an entry on arraignment that the defendant was "present in court without counsel" and on trial date "the defendant [was] present in Court without counsel." The arraignment of the defendant in the present case took place on April 17, 1973, at which time the following colloquy occurred:
"THE CLERK:
Will you give us your name and address?
THE DEFENDANT:
James K. Moore, 12242 Armstrong Drive, Baton Rouge, Louisiana.

*164 THE CLERK:
You are charged with speeding 60 in a 40 and driving while intoxicated.
How do you plead to the charge?
THE COURT:
If you have any doubt, what you should do is plead not guilty and consult an attorney. If you can't afford an attorney, let me know and I'll appoint one for you.
What is your plea?
THE DEFENDANT:
Not guilty.
THE COURT:
Let this matter be fixed for the next officers' trial date. Let the record reflect that the defendant was advised to consult an attorney."
Upon the trial of June 13, he appeared without counsel. He apparently had not requested appointed counsel and we assume this is because he was not indigent.[1] On the date of the trial he was advised, along with all other defendants, that if their attorneys could not be present, a continuance would be granted. The defendant went to trial without counsel. The requirements of C.Cr.P. Art. 514 are fully met in the case at hand. The defendant was offered counsel without cost if he could not afford to pay for an attorney. He was advised to consult with an attorney. He was particularly advised by the court to notify the court if he required appointed counsel. According to his testimony at trial, he was never in jail but was released on bond. Absent a showing of indigency and lack of opportunity to communicate with the court, or inability to secure counsel on his own, we hold under the particular facts of this case that defendant waived his right to counsel when he proceeded to trial on June 13 after he had been made fully aware of his right to counsel.
We have inspected all of the pleadings and proceedings and find no reversible error.
The conviction, suspended jail sentence, and fine are affirmed.[2]
SANDERS, C. J., concurs in the decree.
MARCUS, J., concurs.
SUMMERS, J., concurs in result and assigns written reasons.
SUMMERS, Justice (concurring).
A sentence of imprisonment which is suspended is not an "actual deprivation of a person's liberty" as that phrase is used in Argersinger v. Hamlin, 407 U.S. 25, 92 S. Ct. 2006, 32 L.Ed.2d 530 (1972). The rule of the Argersinger Case is applicable when "actual deprivation of a person's liberty" takes place. This means when he is incarcerated in fact, nothing more. Expressions of the court to the contrary are mere dicta to which I cannot subscribe. Accordingly I concur in the result only.
NOTES
[1] The defendant was employed, able to make bond, and has retained counsel of his choice for this appeal.
[2] R.S. 32:414 provides the exclusive power to revoke, suspend and cancel drivers' licenses is vested in the Department of Public Safety. The court in this case did not have the authority to suspend defendant's driver's license. Accordingly, this portion of the sentence is void.