KLIEBERT, Justice Ad Hoc.*
The defendant, John B. Bennett, was charged on January 2,1981 under R.S. 14:98 with driving while intoxicated, second offense. The multiple bill was based on guilty pleas to DWI, first offense, entered in the same parish in February, 1977.
In addition to pleading not guilty to the DWI, second offense, defendant filed a motion to suppress the prior conviction on the grounds he was not advised of his rights to have an attorney appointed to represent him and he was not properly Boykinized at the time the guilty plea was entered. The motion to suppress was denied. The de *684 fendant was then tried and convicted on the DWI, second offense, and sentenced to pay a fine of $500.00 and cost, plus 125 days in jail. Default in payment of the fine would add an additional fifty days to the jail term.
Writs of Certiorari and Review were applied for to this court. Attached to the application was the transcript of the record made at the time the 1977 guilty plea was entered, as follows:
By Mr. Hansen: John B. Bennett. Mr. Bennett is charged with DWI.
By the Court: Mr. Bennett, you desire to change your plea from not guilty to guilty at this time?
By Mr. Bennett: Yes, sir.
By the Court: Do you understand fully what you’re charged with?
By Mr. Bennett: Yes, sir.
By the Court: You understand that you have a right to a trial in this matter, the right to be represented by an attorney?
By Mr. Bennett: Yes, sir.
By the Court: You understand that any subsequent conviction after this one will result in mandatory jail time, that a second or third or fourth or whatever will result in some mandatory jail time?
By Mr. Bennett: Yes, sir.
By the Court: And knowing all these things you still want to enter a plea of guilty?
By Mr. Bennett: Yes, sir.
By the Court: Let the defendant be fined $300.00 and costs, default sixty days.
The court granted the writs 402 So.2d 698 (La.), and reversed the conviction and sentence citing Bishop v. Blackburn, 384 So.2d 406 (La.1980). The state then filed an application for rehearing with certified copies of the following minute entries relative to the 1977 conviction attached:
M36200 — State of Louisiana vs. John B. Bennett Defendant present and informed of the charge and stated he understood and in a discussion with the Court, defendant advised of his right to trial and advised of his right to counsel — either retained or Court appointed at no costs, if investigated and found indigent — and defendant stated he will retain Mr. Berry from Rayville, waiving presence of Mr. Berry for purpose of arraignment, and pled not guilty and trial set on February 16, 1977, and defendant ordered to notify his attorney.
M36200 — State of Louisiana v. John B. Bennett Defendant present, having previously appeared before the Court and having been explained his Constitutional rights, including the right to trial and right to an attorney at all stages of of the proceedings, waived said rights and requested that his formerly entered not guilty plea be withdrawn and pled guilty and was by the Court sentenced to pay a fine of $300.00 & costs, default 60 days.
The state’s application for a rehearing was granted.
Citing State v. Moore, 295 So.2d 161 (La.1974), the state argues that the requirements of Article 514 of the Louisiana Criminal Code have been met because the defendant was advised at the arraignment of his right to have the court appoint counsel for him and hence it was not necessary for the court to again inform him of his right to appointed counsel when the guilty plea was entered. The defendant, however, contends the motion to suppress the 1977 conviction should be upheld because there is no basis in the record from which to conclude the defendant knowingly and intelligently waived his right to counsel and the requirements of Boykin, infra were not met at the time the 1977 guilty plea was entered.
The issue involved here is not whether the requirements of Article 514 were met at the time the guilty plea was entered, but rather whether the 1977 conviction can serve to enhance the punishment in the subsequent conviction.
In City of Monroe v. Fincher, 305 So.2d 108 (La.1974), based on the United States Supreme Court ruling in Argensinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), this court held an un-counseled guilty plea to a prior DWI offense, absent a knowing or intelligent waiv *685 er of counsel could not be used to enhance punishment upon conviction of a subsequent DWI offense, even though the accused was not imprisoned as a consequence of the pri- or uncounseled conviction. Also, in State v. LaFleur, 391 So.2d 445 (La.1980), this court found that since the defendant was unassisted by counsel, the judge’s failure to discuss the meaning of the plea and to inform the defendant of his right against self-incrimination were particularly serious error and for that reason reversed the conviction. The defendant in State v. Wiggins, 399 So.2d 206 (La.1981), was charged with DWI, third offense. On the second offense he had appeared in court on several occasions. On his first appearance, he had indicated he could afford an attorney. However, he did not in fact secure counsel and was not advised on his two subsequent court appearances that in the event of indigency, he was entitled to court-appointed counsel. This court stated it could not conclude simply from the defendant’s express desire to plead guilty that the defendant had knowingly and intelligently waived his right to counsel.
The above cases were all decided on the basis of the United States Supreme Court’s ruling in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Since Boykin, for a guilty plea to be used for the enhancement of the punishment under a subsequent conviction, the defendant must be informed of his right to confront his accusers and to remain silent as well as his privilege against self incrimination and then knowingly and willingly waive same at the time the plea is entered.
The record here does not affirmatively show a knowing and intelligent waiver of the right to counsel. Furthermore, the Boykin requirements concerning the guilty plea are not evidence in the record. For that reason, this court’s original reversal of the defendant’s conviction is maintained.
DENNIS, J., concurs with reasons.

 Judges Thomas J. Kliebert and Robert J. Klees of the Court of Appeal, Fourth Circuit, and Judge Ned E. Doucet, Jr., of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices ad hoc joined by Chief Justice John A. Dixon and Associate Justices Pascal F. Calogero, Jr., James L. Dennis and Jack C. Watson.