DENNIS, Justice.
Relator applied for a writ of habeas corpus and other relief alleging that his incarceration resulted from an unlawful conviction obtained without affording him court appointed counsel. We ordered an eviden-tiary hearing to determine whether applicant was indigent at the time he was denied a court appointed lawyer. State ex rel. Byrd v. Henderson, Warden, 323 So.2d 470 (La.1975). In response, the district court conducted a hearing on January 30, 1976 and determined that relator was not indigent at the time he was refused counsel. We granted writs to review the correctness of this decision. 339 So.2d 359 (La.1976).
Relator was charged with having committed a simple robbery, La.R.S. 14:65, in De-Soto Parish. On September 27, 1974 counsel was appointed to represent him and he entered a plea of not guilty. Trial was set for November 4, 1974. Prior to trial, on motion of the court appointed attorney, a hearing was held to traverse relator’s declaration of indigency. The record provided for our review does not contain the evidence adduced at the hearing, but at its conclusion the court relieved the court appointed attorney of his assignment.
When the case was called for trial on November 4, 1974 relator appeared without counsel. Because of the trial court’s previous determination that relator was able to employ an attorney it ordered the trial to commence, forcing him unsuccessfully to *573 undertake his own defense. Relator was convicted of simple robbery and sentenced to five years at hard labor.
At the evidentiary hearing, held on January 30, 1976 pursuant to our order, relator, represented by a public defender, introduced documentary evidence and the testimony of several witnesses. The State introduced no evidence. In our opinion the preponderance of the evidence favors the conclusion that relator was not able to employ an attorney to represent him at trial and, therefore, the State was required to provide him with legal assistance during his prosecution. Sixth Amendment, United States Constitution; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); La.Const.1921, art. I, § 9; cf. La. Const.1974, art. I, § 13.
Relator was unemployed. The only assets he owned were an undivided one-half interest in two parcels of immovable property he inherited from his mother. One was the family home in Shreveport valued at $5,000 within which his father resided. The other was a piece of rural property in Caddo Parish valued at $850. Both were burdened with a usufruct in favor of his father. The rural property was sold to a third party and the proceeds were expended before relator’s need of an attorney arose. For some reason which was never made clear during the hearing, relator had several months before his arrest signed and left with his father’s attorney an undated deed conveying his interest in the family home to his father. After his son’s arrest the father’s attorney visited relator in jail and obtained his consent to deliver the deed to the father. The father then mortgaged the family home and borrowed $3200 from a bank, $2500 of which he deposited with the sheriff, as bail for his son’s release, and the balance of which he used to pay attorney’s fees and expenses incurred in closing his late wife’s succession. After his son’s conviction and consequent imprisonment the bail money was returned to the father, and he promptly applied it against the mortgage indebtedness affecting his home.
The record does not reflect the actual value of relator’s interest in the property; he owned merely the naked interest of an undivided one-half of the property. The age of the father who held the usufruct does not appear in evidence, so the relative values of the usufruct and the naked interest cannot be calculated. Nor do we know to what extent the bank relied upon the father’s credit in making the loan in addition to the property as security. However, the record is clear that the relator had no practical means of liquidating his interest in the property without his father’s cooperation, and once the deed was delivered the father then had complete dominion over the property. It is equally clear that the father never gave any of the loan proceeds to relator, or offered or agreed to use them to employ an attorney for him. In reality, relator owned no assets which were available to him for purposes of employing counsel. Instead, he owned claims to assets, perhaps difficult to enforce, having an undetermined value, probably insufficient, even if successfully enforced and liquidated, to purchase the services of a competent attorney for a felony jury trial.
Under these circumstances the trial court was in error in determining that relator was not entitled to court appointed counsel and deprived him of a constitutional right by forcing him to undergo criminal prosecution without the assistance of counsel for his defense. In accordance with Louisiana Code of Criminal Procedure Article 921, we reverse relator’s conviction and sentence and remand his case to the district court with instructions to grant a new trial and provide an attorney to assist in his defense.
SUMMERS, J., dissents.