359 So.2d 972 (1978)
STATE of Louisiana
v.
Eugene McGOWAN.
No. 61111.
Supreme Court of Louisiana.
June 19, 1978.
*973 Kenneth Michael Wright, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Steven William Hale, Gregory D. Lyons, Asst. Dist. Attys., for plaintiff-appellee.
CALOGERO, Justice.
Defendant was charged with a violation of R.S. 14:95.1, possession of a firearm by a person convicted of certain felonies. While unrepresented by counsel, he entered a plea of not guilty, waived his right to a jury trial, and was tried. He was convicted and sentenced to serve five years at hard labor in the custody of the Department of Corrections. He appealed to this Court. Noting that he was still unrepresented, we remanded the case to the trial court for a determination of whether defendant was entitled to have counsel appointed to represent him in connection with his appeal. Thereupon the district court appointed for this appeal the attorney who now represents him. Counsel for defendant designated the record necessary for the appeal and assigned one alleged error in support of his effort to overturn the conviction.
Appellate counsel contends that the trial court committed error when it failed, or refused to appoint an attorney for defendant at his trial after defendant twice informed the court that he was unable to employ an attorney. He asserts that the ruling was in contravention of Article I, Section 13 of the Louisiana Constitution of 1974[1] and of the principles enunciated in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In effect, then, defendant complains of both the court's refusal to appoint him counsel and the conviction which followed trial at which he was unrepresented.
It should be noted here that defendant contended that he was financially unable to secure his own counsel, requested that the court appoint him a lawyer, and specifically did not waive counsel. In fact, he objected to being tried without a lawyer. The trial judge, on the other hand, gave defendant several opportunities to employ counsel, proceeding to trial only on the defendant's fifth court appearance and his third appearance following his uncounseled guilty plea at arraignment.
*974 Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and Argersinger v. Hamlin, supra, landmark U.S. S.Ct. decisions, define the right to counsel when a defendant is tried of a felony or misdemeanor and the sentence which may be imposed involves the possibility of imprisonment. These cases set the constitutional standard or mandate: Absent a knowing and intelligent waiver, no defendant may be imprisoned if he was not represented at trial by counsel.
"The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but is in ours. From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law." Gideon, 83 S.Ct. at 796.
"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Argersinger, 92 S.Ct. at 2012.
In the case at bar defendant faces a five year incarceration in the penitentiary following a trial at which despite his refusal to waive, he was not represented by counsel. Only if we were to find an implied waiver despite defendant's vocal protest not to waive counsel could we find that defendant had not been denied his constitutional right to counsel at trial.
Such implied waiver could conceivably arise in a case where defendant clearly able to secure retained counsel persists in demanding court appointed counsel and desists from employing an attorney despite a reasonable opportunity to do so. In the case at bar there was no waiver either express or implied, by whatever construction.
The trial judge made his determination that defendant was not an indigent nor otherwise entitled to appointment of counsel after interrogating him and learning that he had an undivided one-fourth interest in a house worth $25,000, title to same being in the name of defendant's deceased mother and father.
During that questioning defendant contended that he had been injured in an automobile accident and out of work for four months, and because the injury was not work related he was not drawing workmen's compensation. He admitted that he drove a 1975 Buick which had a $4,000 mortgage balance, but that the monthly payments were being made under a disability insurance policy in connection with the loan. Defendant lived in the inherited house and contended that he could not readily borrow on the house, presumably because his interest was only an undivided one-fourth and because title even as to that one-fourth was not in his name. Furthermore he contended that were he able to borrow against the property, he had no means to repay a loan.
At best the issue concerning whether defendant was able to retain private counsel was a close one.[2]
The determination of defendant's indigency should have been made in a hearing in accordance with R.S. 15:147(A). That statute provides:
The determination of indigency of any accused person shall be made by the court at any stage of the proceedings. The chief indigent defender or his assistants, or a member of the indigent defendant panel appointed by the board or the court for such purpose, shall be allowed to summon witnesses to testify before the court concerning the financial ability of any accused person to employ counsel for his defense.

*975 In determining whether or not a person is indigent and entitled to the appointment of counsel, the court shall consider:
(a) Whether the person is a needy person and the extent of his ability to pay, the court shall consider such factors as income, property owned, outstanding obligations, number and ages of dependents;
(b) Release on bail alone shall not disqualify a person for appointment of counsel. In each case, the person subject to the penalty of perjury shall certify in writing such material factors relating to his ability to pay as the court prescribes. [emphasis provided.]
Had the court appointed an attorney and later found the defendant able to pay, it had available the provisions of R.S. 15:148 to order partial reimbursement. R.S. 15:148 provides:
A. To the extent that a person is financially able to provide for an attorney, other necessary services and facilities of representation and court costs, the court shall order him to pay for these items. The court may order payment in installments, or in any manner in which it believes reasonable and compatible with the defendant's financial ability.
B. Payments so made shall be transmitted to and become a part of the indigent defender fund of the district in which the person is prosecuted.
Under all the circumstances here we conclude that defendant should have had an attorney appointed to represent him at trial and that the uncounseled trial conviction violates defendant's sixth amendment right to counsel.

Decree
For reasons assigned, the conviction and sentence are reversed; the case is remanded for a new trial consistent with law and the views herein expressed.
CONVICTION REVERSED; SENTENCE VACATED; CASE REMANDED.
SUMMERS, J., dissents.
NOTES
[1] ". . . At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. The legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents."
[2] In the Louisiana State Bar Association report to the commission on the indigent defendant system, page 12 of the LSBA report, it is suggested that under the statute the trial judge in his discretion should appoint counsel in "cases where a question of indigency arises. This would serve to resolve the question of indigency in favor of the person charged with the crime."