363 So.2d 530 (1978)
CITY OF BATON ROUGE, Respondent,
v.
Keith DEES, Relator.
No. 62355.
Supreme Court of Louisiana.
October 9, 1978.
R. Judge Eames, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Marilyn C. Castle, Asst. Dist. Atty., for plaintiff-respondent.
TATE, Justice.
The defendant was convicted of driving while intoxicated, La.R.S. 14:98, and sentenced to six months imprisonment without *531 hard labor.[1] We granted certiorari, 359 So.2d 632 (La.1978), because the defendant had been tried and sentenced to imprisonment without counsel and without his express or implied waiver of such representation.
The uncontradicted facts show: The defendant was arraigned and pleaded not guilty on January 19, 1978. His trial date was set for April 11. Two weeks before that date, the defendant retained counsel. On April 10, due to an unanticipated conflict with the trial of a felony set in another city, the defendant's counsel prepared a motion for continuance. The defendant personally brought this motion to court at 8:30 on the morning of the trial (April 11), and the trial court summarily denied it.
Since apparently other matters were set for trial that date, the trial court ordered the defendant to return to court for trial at 1:30 p. m., with his lawyer (or without him). The trial then proceeded, the defendant unrepresented by counsel, and the trial court found him guilty.
The conviction (and consequent revocation of probation, see footnote 1) must be set aside.
Our state constitution provides that "every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment." La. Constitution of 1974, Art. 1, Section 13. This constitutional mandate requires: "Absent a knowing and intelligent waiver, no defendant may be imprisoned if he was not represented at trial by counsel." State v. McGowan, 359 So.2d 972, 974 (La.1978).[2] In McGowan, we set aside the conviction where, similarly to the present instance, an unrepresented defendant was convicted and imprisoned, despite his unavailing efforts to secure the assistance of counsel at his trial.
As we noted in McGowan, an implied waiver might conceivably result where the defendant failed to employ an attorney until the day of or shortly before the trial, despite a reasonable opportunity to do so. 359 So.2d 974.[3] Likewise, the accused's unquestioned right to legal representation at his trial cannot be manipulated by him, by attempts at last-minute substitution or otherwise, so as to secure unwarranted delays or otherwise obstruct the orderly administration of justice. State v. Bolton, 354 So.2d 517 (La.1978); State v. Mackie, 352 So.2d 1297 (La.1977); State v. Hedgwood, 345 So,2d 1179 (La.1977); State v. Wiggins, 337 So.2d 1172 (La.1976).
The present instance does not, however, concern any waiver whatsoever by the accused of his right to counsel. Nor does it represent any manipulative use on his part of his right to counsel so as to delay the trial of his case. Instead, the record reflects that he had timely retained counsel two weeks before the trial date, but that on the eve of the trial this counsel sought a continuance for reasons related to counsel's professional necessity to be in another courtroom at the same time.
To the contrary, the present instance is generically similar to that in State v. Winston, 327 So.2d 380 (La.1976). There, we reversed a conviction and remanded for a new trial, where a continuance was denied and through no fault of his own the accused was forced to go to trial with an inadequately prepared counsel. (The accused's retained counsel withdrew from his representation *532 shortly before trial, and the accused was not able to secure appointed counsel until immediately prior to trial.)
Whatever may have been the court's right to discipline counsel if the present motion for continuance was untimely or ill-founded,[4] the client cannot be penalized, by the loss of his constitutional right to legal representation at his trial, for his lawyer's lapse arising out of a conflict in the lawyer's trial schedule. This conviction, resulting in imprisonment by an unrepresented defendant who had not waived counsel, must be set aside as having been obtained in violation of the accused's constitutional right to the assistance of counsel at his trial.

Decree
Accordingly, we reverse the conviction (and the consequent revocation of probation from a suspended sentence for another misdemeanor), and we remand this case for a new trial in accordance with law.
REVERSED AND REMANDED FOR A NEW TRIAL.
NOTES
[1] Based upon this conviction, the court revoked his probation resulting from a suspended sentence for an earlier offense and ordered that the defendant serve this six-month sentence concurrently with that upon the present sentence.
[2] The federal constitution's Sixth Amendment right to the assistance of counsel, applicable to the states by reason of the Fourteenth Amendment, has been interpreted to have the same effect. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). See also Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
[3] See also State v. Cousin, 307 So.2d 326 (La. 1975) and State v. Stafford, 258 La. 523, 246 So.2d 849 (1971), where we held that the trial court did not abuse its discretion in denying a continuance where newly-retained counsel was inadequately prepared for trial because of such reason.
[4] Under the subsequent showing made, we believe it likely that the trial court would have granted the continuance, if counsel had more adequately explained the reason in his written motion and had made greater effort to contact the court or opposing counsel directly, instead of sending his unrepresented client to court with the barebones motion on the morning of the day set for trial.