369 So.2d 1327 (1979)
STATE of Louisiana
v.
Robert ADAMS.
Nos. 63336, 62878 and 62880.
Supreme Court of Louisiana.
April 9, 1979.
*1328 J. Eugene Osburn, Johnson & Johnson, Monroe, for defendant-relator in Nos. 62878, 62880 and for defendant-appellant in No. 63336.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Lee Edward Ineichen, Jr., Monroe, Asst. Dist. Atty., for plaintiff-respondent in Nos. 62878, 62880 and for plaintiff-appellee in No. 63336.
DENNIS, Justice.
The question we are called upon to decide is whether the defendant, who was forced to defend himself in this criminal proceeding was deprived of his constitutional rights to the assistance of an attorney appointed by the Court.
Defendant, Robert Adams, while unrepresented by counsel, was convicted of possession of marijuana with intent to distribute, La.R.S. 40:966, sentenced to 5½ years at hard labor and fined $1,000, in default of which he was sentenced to an additional 6 *1329 months in jail. He appealed and applied to this court for writs after an unsuccessful habeas corpus proceeding below. We granted defendant a writ and have consolidated the proceedings for review. We reverse the defendant's conviction and sentence and remand for a new trial and further proceedings consistent with our opinion.
Defendant's principal contention is that the trial court erred when it failed or refused to appoint an attorney for him and forced him to represent himself at trial.
In a criminal prosecution, at each stage of the proceedings, every person is entitled to the assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. La.Const. of 1974, Art. 1, § 13; Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Accordingly, in the absence of a knowing and intelligent waiver of this right, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial. Argersinger v. Hamlin, supra.
The 1974 Louisiana Constitution mandated the legislature "[to] provide for a uniform system for securing and compensating qualified counsel for indigents." La.Const. of 1974, Art. 1, § 13. By Act No. 653 of 1976, R.S. 15:141-149, the legislature established a state-wide indigent defender system. In addition to providing for the administrative organization and financing of the system at both state and local levels the statutes set forth criteria and procedures for determining whether an individual is an indigent. The determination of indigency must be made by the court after considering whether the person is needy, the evidence of his ability to pay, his property, his outstanding obligations, and the number and ages of his dependents. Release on bail alone shall not disqualify a person for appointment of counsel. La.R.S. 15:147. In the event the person is partially able to pay an attorney's fee, the court must nevertheless appoint counsel, but it shall order the accused to pay defense costs to the extent of his ability into the local indigent defender board fund. La.R.S. 15:148. See State v. McGowan, 359 So.2d 972, 975 (La.1978).
This Court has on previous occasions discussed the foregoing constitutional principles and their statutory implementation. See State v. McGowan, supra; State ex rel. Byrd v. Henderson, 342 So.2d 572 (La.1976). Unless the trial court determines that the accused has made a knowing and intelligent waiver of his right to the assistance of counsel, it may not effectively conduct a trial or other proceeding in the absence of defense counsel. If the accused does not have an attorney and contends that he is unable to employ one, conceivably the court may consider the defendant to have waived his right to assistance of counsel if he is "clearly able to secure retained counsel [but] persists in demanding court appointed counsel and desists from employing an attorney despite a reasonable opportunity to do so." State v. McGowan, 359 So.2d at 974. A determination of whether these circumstances clearly exist should be made after a hearing in accordance with La.R.S. 15:147. State v. McGowan, 359 So.2d at 974.
To make the right to assistance of court appointed counsel a reality, however, the court must not confine itself to a determination of whether the accused ought to be able to retain counsel but must decide whether in fact he is able to do so. State v. Tymcio, 42 Ohio St. 39, 325 N.E.2d 556 (1975). Cf. Brown v. State, 27 Md.App. 223, 340 A.2d 409 (1975). Furthermore, the accused is entitled not only to an attorney, but one who can and will provide "effective aid" in preparation and trial of his case. Powell v. Alabama, 287 U.S. 45, 71, 53 S.Ct. 55, 65, 77 L.Ed. 158, 172 (1932). See also ABA Standards for Criminal Justice, Standards Relating to Providing Defense Services §§ 6.1-6.4. Accordingly, if the court finds that the accused is not fully and actually able to retain such an attorney, it must appoint counsel to assist the accused at each stage of the proceedings.
*1330 In the instant case, the defendant apparently requested counsel initially, but after he was interviewed by a court or indigent defender board investigator, the court told the defendant that he must retain his own attorney. The clerk of court's minutes reflect that after his interview, defendant appeared in court on three occasions without counsel and was ordered to employ an attorney. One minute entry reflects that defendant told the court he could afford to retain counsel. Defendant denied having ever made this statement and testified that he only told the judge that he would attempt to retain a lawyer.
On the day his case was set for trial, the defendant again appeared without counsel. The record reflects that he informed the court he could not afford a lawyer and asked that one be appointed. Without conducting a hearing, and apparently relying only upon the information supplied during the investigator's interview with the defendant three months previously, the court denied his request and proceeded with the trial which resulted in the defendant's conviction and sentence of 5½ years imprisonment at hard labor.
According to the evidence of record, prior to his trial the defendant was employed by the Coca Cola Bottling Company and was paid weekly wages of $106.00. At the time charges were filed against him and his wife, they were both working. His wife later became unemployed and at the time of his trial he was the sole supporter of his wife and five year old child. The defendant had no liquid assets which could have provided a source of funds for an attorney. He owned a modest house, which was substantially mortgaged, an inoperable 1968 automobile, and some household goods. He owed debts totalling $29,829.40, including his F.H.A. home loan. His wife testified without contradiction that the family's subsistence expenses amounted to $625 per month.
The defendant and his wife were jointly charged with offenses as the result of evidence obtained from their home through execution of a search warrant. The only information as to the fees normally charged by effective counsel for representation in cases of this nature at the time and locality in question is contained in the testimony of the defendant and his wife. Initially, one lawyer agreed to represent both the defendant and his wife for $500. The wife employed this attorney with money she had saved and borrowed from her parents, paying the attorney $250 in advance. Fearing a conflict of interest, the defendant decided to seek other counsel. Later he went back to see his wife's lawyer, and was quoted a fee of $500 for his individual defense. The defendant testified that he attempted to hire two other attorneys, one of which required a fee of $1,200 with $700 in advance, and another who demanded $800 with $400 in advance, but was unable to pay the advances they specified. There is no indication in the record that these fees were unreasonable or that effective legal representation was available to the defendant for a lesser fee.
Under all of the circumstances, which are undisputed in the record designated for our review, we conclude that the defendant was not clearly financially able to fully provide for an attorney for his defense and should have had counsel appointed to represent him at trial.[*] The proceedings conducted against him without counsel as well as the conviction and sentence based thereon must be set aside. Accordingly, the defendant's conviction and sentence are reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED FOR A NEW TRIAL.
NOTES
[*] To the extent the defendant is found able to contribute toward the expenses of his defense, the court may order him to make payments compatible with his financial ability, to become part of the indigent defender fund of the district. R.S. 15:148.