381 So.2d 468 (1980)
STATE of Louisiana
v.
Napoleon HARPER.
No. 65554.
Supreme Court of Louisiana.
March 3, 1980.
*469 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., James M. Johnson, First Asst. Dist. Atty., for plaintiff-appellee.
Henry G. Hobbs, Minder, for defendant-appellant.
DIXON, Justice.[*]
The defendant was arrested on July 11, 1978 and subsequently charged by bill of information with four counts of simple burglary in violation of R.S. 14:62. On July 18, 1978 the defendant appeared in court and declared that he was indigent. The court referred him to the Twenty-Sixth Judicial District Indigent Defender Board for representation. Attorneys from the board represented defendant at his arraignment and at a preliminary examination at which the state showed probable cause to hold the defendant. The defendant then began to file a series of motions on his own behalf. On March 13, 1979 the defendant stated in open court that he did not wish the board to continue representing him and that he wished to have counsel supplied by the Civil Liberties Union.[1] The court relieved the board of its duties, and instructed the defendant to either secure representation or to represent himself. The defendant thereupon declared he did not wish for "pro per" status. When the court understood that the defendant did not wish to represent himself, it noted that it could not appoint the Civil Liberties Union to represent the defendant. The court instructed the defendant that he must either secure his own counsel, defend himself, or be content with appointed counsel. The court instructed Mr. McConnell of the indigent defender board to be present at trial to give the defendant whatever assistance he desired. The defendant objected. Trial was then set for March 19, 1979.
On that date, defendant appeared for trial without having obtained other counsel. Before trial began, the court informed defendant he could either represent himself or be represented by Mr. McConnell. The defendant replied, "I don't want either." Mr. McConnell then filed a motion for a continuance on the grounds that the defendant had not had time to prepare to defend himself and that the defendant had an application for writs pending before this court. The court denied the motion. The court then began the voir dire examination of prospective jurors. During that examination the defendant continued to state that he did not wish to be represented by Mr. McConnell. He was equally vehement in declaring that he did not want to proceed "pro per." The court noted that it was under no obligation to appoint whatever attorney the defendant might request. The defendant responded by charging that Mr. McConnell had been implicated in a conspiracy, and he did not desire his assistance.[2] The court again instructed the defendant that his only alternatives were to accept representation by Mr. McConnell or to represent himself. The defendant again declared that he would not accept either alternative.
*470 The trial then proceeded to its logical conclusion. During its course the defendant made a number of objections, none of which showed much appreciation of the legal issues involved. Mr. McConnell declined any opportunity to participate in the trial, stating that he had been advised by the defendant that his assistance was not wanted and that he would therefore refrain from involving himself in the proceedings in order to avoid prejudicing the defendant's case in any way. At one point he requested permission to withdraw from the courtroom, but the trial court ordered him to remain and render any assistance that the defendant might request.
The jury found the defendant guilty of four counts of simple burglary. He was sentenced to four three year sentences, two of which were to run concurrently with the other two. Appeal was taken by attorneys from the indigent defender board, but other counsel was appointed for the defendant to pursue the appeal.
By assignment of error the defendant argues that the trial court deprived him of his constitutional right to the assistance of counsel by denying the motion for a continuance and requiring him to go to trial under the circumstances set forth above.[3] In Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530, 538 (1972), the United States Supreme Court stated:
"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."
This court has adopted and followed that rule. State v. Strange, 308 So.2d 795 (La.1975); City of Monroe v. Fincher, 305 So.2d 108 (La.1974); State v. Moore, 295 So.2d 161 (La.1974); State v. Coody, 275 So.2d 773 (La.1973). The defendant argues that under the language quoted his conviction must be reversed.
The question presented is whether the trial court erred in presenting the defendant with a choice of accepting the assistance of appointed counsel or proceeding pro se, and in then forcing the defendant to go to trial after he rejected both alternatives.
As a general proposition a person accused in a criminal trial has the right to counsel of his choice. State v. Leggett, 363 So.2d 434 (La.1978); State v. Mackie, 352 So.2d 1297 (La.1977); State v. Anthony, 347 So.2d 483 (La.1977). If a defendant is indigent he has the right to court appointed counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Argersinger v. Hamlin, supra; State v. Adams, 369 So.2d 1327 (La.1979); City of Baton Rouge v. Dees, 363 So.2d 530 (La.1978). An indigent defendant does not have the right to have a particular attorney appointed to represent him. State v. Rideau, 278 So.2d 100 (La.1973). An indigent's right to choose his counsel only extends so far as to allow the accused to retain the attorney of his choice, if he can manage to do so, but that right is not absolute and cannot be manipulated so as to obstruct orderly procedure *471 in courts and cannot be used to thwart the administration of justice. State v. Jones, 376 So.2d 125 (La.1979); State v. Leggett, supra; State v. Mackie, supra.
Because an indigent accused does not have the right to pick the attorney who is appointed to represent him, the trial court did not err in insisting that the defendant, if he wished appointed representation, accept the assistance of Mr. McConnell. There was no indication that that attorney was incompetent or unprepared or had a conflict of interest that would render him unable to put on an adequate defense on behalf of the defendant. In the absence of any sound reasons for the disqualification of the appointed attorney, the court did not err in declining to appoint another attorney to represent the defendant. Since the court had no duty to appoint another attorney to represent the defendant, it follows that the court did not err in giving the defendant the choice of either accepting the assistance of appointed counsel or proceeding pro se. See Fillipini v. Ristaino, 585 F.2d 1163 (1st Cir. 1978); Maynard v. Meachum, 545 F.2d 273 (1st Cir. 1976); United States ex rel. Testamark v. Vincent, 496 F.2d 641 (2d Cir. 1974).
Moreover, we believe that the defendant's refusal without good cause to proceed with able appointed counsel amounted to a waiver of his right to the assistance of counsel. See Boyden v. United States, 427 F.2d 895 (9th Cir. 1970), certiorari denied 400 U.S. 848, 91 S.Ct. 91, 27 L.Ed.2d 86 (1970); Maynard v. Meachum, supra; United States ex rel. Testamark v. Vincent, supra. The defendant at no time specifically requested that he be allowed to proceed pro se. In fact, he repeatedly denied that it was his wish to do so, and that he merely wished to have counsel more to his liking. In City of Baton Rouge v. Dees, supra, and State v. McGowan, 359 So.2d 972 (La.1978), we recognized, however, that a defendant could waive his right to the assistance of counsel by his actions even if his verbal protestations were to the contrary.
"A waiver is ordinarily an intentional abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right of counsel must depend, in each case, upon the facts and circumstances surrounding the case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938).
Expressed more colloquially, it must be determined if the defendant made his decision to forego his rights "with eyes open." Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268, 275 (1942). There is no particular formula which must be followed by the trial court in determining if the defendant has waived his rights. See, e. g., Maynard v. Meachum, supra. A defendant need not have the skill and knowledge of a lawyer in making his decision, but he must be aware of the dangers and disadvantages of self representation. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
In this case there can be no doubt that the defendant knew of his right to the assistance of court appointed counsel. Such appointed counsel did in fact assist the defendant in preliminary matters. Counsel was available to the defendant at trial and the court made it clear to the defendant that Mr. McConnell was present at trial in order to give him whatever assistance he requested. The defendant chose to forego that assistance. After a careful examination of the record we conclude that the defendant's decision was made with the knowledge that appointed counsel was readily available to him. The refusal of the defendant to accept the assistance of appointed counsel was a knowing and voluntary waiver of his right to the assistance of counsel.
For the reasons assigned, the defendant's conviction and sentences are affirmed.
NOTES
[*] Chief Judge PAUL B. LANDRY, Retired, participated in this decision as an Associate Justice Ad Hoc.
[1] The defendant stated as his reason for seeking to relieve the indigent defender board, "They haven't done anything for me. I don't want them." It appears from the record, however, that, in addition to representing the defendant at his arraignment and preliminary examination, the board furnished the defendant with the assistance of counsel who filed discovery motions on behalf of defendant and consulted with defendant about discovery motions filed by the state. Mr. McConnell of the indigent defender board stated that the defendant was dissatisfied with his representation because of the defendant's mistaken belief that his counsel should have secured his release from jail because the defendant had not been arraigned within seventy-two hours of his arrest.
[2] It is not clear to what conspiracy the defendant was referring. There is no evidence in the record of any conspiracy, and the defendant made no specific allegations as to any conspiracy. The defendant did at one point state that he thought that there was an attempt to railroad him, but again there is no indication in the record that there was any such attempt.
[3] The Sixth Amendment to the Federal Constitution provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence."
Article 1, Section 13 of the Louisiana Constitution provides:
"When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel. In a criminal prosecution, an accused shall be informed of the nature and course of the accusation against him. At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. The legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents."