449 So.2d 547 (1984)
STATE of Louisiana, ex rel. Douglas JOHNSON
v.
MAGGIO, Warden.
No. 82 KW 0799.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Writ Denied April 23, 1984.
*548 Ossie B. Brown, Dist. Atty. by Brett Grayson Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Kathleen Stewart Richey, Appellate Counsel-Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
This case is before us on remand by the Supreme Court, 440 So.2d 1336, for an expedited review of petitioner's criminal mischief conviction. In his application, petitioner asserts three assignments of error, to-wit: (1) the trial court erred in requiring petitioner to represent himself during the State's case-in-chief; (2) the trial court erred in failing to order a defense witness to be served with a subpoena; and (3) the trial court erred in finding the petitioner guilty without sufficient evidence of each essential element.

I. SELF-REPRESENTATION
The petitioner contends that at no time did he waive, expressly or impliedly, his 6th amendment right to counsel. In support thereof, he notes his motion for continuance which was received on June 30, 1982, but not acted upon until the date of the trial, July 19, 1982. He asserts that the court's failure to act more promptly on the motion placed petitioner in the position of entering the trial uncounseled. Further, petitioner points out that at no time was self-representation ever mentioned.
Absent a knowing and intelligent waiver,[1] no person may be imprisoned for any offense unless he was represented by counsel at his trial. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Further, if an implied waiver is found to exist, despite the defendant's vocal protest not to waive counsel, defendant will not have been denied his constitutional right to counsel *549 at trial.[2]State v. McGowan, 359 So.2d 972 (La.1978).
As a general proposition, a person accused in a criminal trial has the right to counsel of his choice. If indigent, he has a right to a court-appointed counsel. However, an indigent defendant does not have the right to have a particular attorney appointed to represent him. His right to choose counsel extends only insofar as to allow the accused to retain the attorney of his choice, if he can manage to do so. One's right to counsel is not absolute and cannot be manipulated so as to obstruct orderly procedure in our courts or used to thwart the administration of justice. State v. Harper, 381 So.2d 468 (La.1980).
The Minutes of the Court reflect that the accused was formally arraigned on June 11, 1982. At that time, he was advised of his right to counsel. Thereupon, the court advised the accused that if he subsequently decided that he desired counsel, he could contact the court. The accused then entered a plea of not guilty. The court assigned the case for trial on July 19, 1982, and handed notice thereof to the accused.
On July 19, the matter came up for trial. The accused was present in court. When asked by the court if he had retained counsel, he replied, "No, I need time." He stated that he had contacted his brother about the matter, and his brother was working on it. The trial court asked if the accused wanted appointed counsel, and he replied, "No, sir." The judge remarked that if he continued to put the trial off, it would be continually put off as long as the accused was unable to retain counsel. The accused replied, "Well, I am able to get one." At this time, the court stated that the trial date was today and the trial would be held today. The court proceeded, noting that the accused had filed an application for a writ of habeas corpus, a motion to recuse the trial judge, and a motion for continuance. Upon the court's inquiry, the State objected to granting the motion for continuance. The court observed that the motion for continuance had two bases, (1) the need of more time to file pre-trial motions and prepare a defense, and (2) to retain counsel. As to the first, the court pointed out that the time for filing pre-trial motions had lapsed. The judge reiterated that the accused was entitled to retain counsel but that the accused had previously been advised to have his counsel here today. The court then asked the accused in what manner could justice best be served by a continuance. The accused stated: "... This lawyer you plan on giving me this morning ... uh ... he haven't discussed my case." The court replied that it had not intended on giving the accused a lawyer that morning but was planning on going to trial. The accused responded that he had no lawyer and wanted one. Thereupon, the court inquired whether the accused wanted an attorney appointed. The accused said, "No." The court noted that although the accused was entitled to his own attorney, he was advised to have that attorney with him today and the court was not going to let the accused hold up the proceedings. Subsequently, all the pleadings were denied. The court then proceeded to try the case. Defendant attempted to waive his presence and refused to be seated at counsel table. The trial court queried the accused whether he understood that he was entitled to be present at the trial, and to be represented by an attorney, and that he had refused appointed counsel. The accused answered, "Yes."
It is apparent from the above that the trial judge felt the accused's refusal of appointed counsel was merely an attempt to delay the proceedings. It is equally clear that the assistance of appointed counsel was offered the accused at arraignment and trial but these offers were refused by the accused. We believe that the totality *550 of petitioner's actions in this matter constituted a waiver of his right to counsel. As noted in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), to force a lawyer on an accused can only lead him to believe that the law contrives against him.
Since petitioner continually refused court-appointed counsel, and failed to retain private counsel, it can be presumed that he thereby chose to represent himself in this proceeding. Accordingly, this assignment of error is without merit.

II. ISSUANCE OF A SUBPOENA
Lastly, petitioner contends the trial court erred in failing to subpoena a defense witness. The record shows that on July 29,[3] petitioner filed a "Motion to Subpoena Additional Witness," W.B. Christenbery, which was received by the court on August 3. Attached thereto was an "Order" for the District Attorney to appear and show cause why the motion should not be granted. This order is unsigned. However, the record contains a certified copy of a criminal court subpoena issued to W.B. Christenbery. The subpoena was issued on August 3. Further, the subpoena indicates it was issued in the case of State v. Douglas Johnson, case No. 4-82-393, charge: Criminal Mischief. Thus, it appears that the subpoena was issued by the court upon petitioner's request and, therefore, this assignment of error is meritless.

III. PROOF OF ESSENTIAL ELEMENTS OF THE CRIME
Petitioner was convicted of the crime of criminal mischief, as defined under L.S.A.-R.S. 14:59. That statute provides, in pertinent part, that:
"Criminal mischief is the intentional performance of any of the following acts:
* * * * * *
"(5) Giving of any false report or complaint to a sheriff, or his deputies, or to any officer of the law relative to the commission of, or an attempt to commit, a crime; or
* * *"
Petitioner contends that he was erroneously convicted because the State failed to prove all the essential elements of the crime, including petitioner's criminal intent.[4]
In reviewing appellate claims of insufficiency of evidence, the applicable standard is whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could find the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), State v. Shapiro, 431 So.2d 372 (La.1983), on rehearing. However, if circumstantial evidence is the basis of the conviction, the rule is: Assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. L.S.A.-R.S. 15:438; State v. Shapiro, supra.
The crime of criminal mischief requires the "intentional" performance of certain actsin this case, giving a false report to an officer of the law relative to the commission of a crime. This "intentional" performance refers to general criminal intent as the required mental element for this crime. See L.S.A.-R.S. 14:11. General criminal intent is present whenever the circumstances indicate that the offender, in the ordinary course of human experience, *551 must have adverted to the prescribed criminal consequences to result from his act or failure to act. L.S.A.-R.S. 14:10. Though intent is a fact, it need not be proven as a fact, but may be inferred from the circumstances of the transaction. L.S.A.-R.S. 15:445.
A review of the relevant facts are as follows: (1) Before noon, on January 28, 1982, Officer Thompson spotted the alleged stolen car parked in front of the Acadian Motel, (2) Petitioner fled from the scene, (3) The car was taken by Officer Thompson and stored at the regional office, (4) At noon, a caller identifying himself as Douglas Johnson, reported the car stolen, (5) Officer Thompson left his card with Johnson's mother, requesting that Johnson get in touch with Officer Thompson, and (6) Later that evening, a caller, identifying himself as Johnson, contacted Officer Thompson and was told by Officer Thompson that he (Officer Thompson) had taken the car.
The record does not reflect the exact time Officer Thompson took the vehicle to storage nor the exact time he left his card with Johnson's mother. It is conceivable that Officer Thompson removed Johnson's car from the parking space at the Acadian Motel before the car was reported stolen. Further, there is no indication that Johnson knew the vehicle was in police custody rather than having been stolen before he (allegedly) made his report. In fact, the only evidence on this point shows that the car was reported stolen before Officer Thompson informed Johnson that the police had custody of the car. We find the requisite intent cannot be inferred from the circumstances, particularly to the exclusion of every reasonable hypothesis of innocence.
Due to the State's failure to exclude every reasonable hypothesis of innocence herein, the evidence is insufficient under our law to support the conviction and, therefore, defendant's conviction must be reversed.
For the foregoing reasons, the petitioner's conviction and sentence are reversed.
REVERSED.
NOTES
[1] A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
[2] Such implied waiver could conceivably arise in a case where defendant, clearly able to secure retained counsel, persists in demanding court-appointed counsel and desists from employing an attorney despite a reasonable opportunity to do so. State v. McGowan, 359 So.2d 972, 973, 974 (La.1978).
[3] Trial commenced on July 19, 1982. The State introduced its evidence and rested at that time. Upon the trial court's inquiry, defendant requested that a witness be subpoened. For this reason, the trial was continued until July 22, 1982, so the witness could be served. On July 22, 1982, the witness failed to appear. Thereupon, the court ordered the trial to be continued until August 26, 1982, and for the subpoena to be reissued.
[4] Petitioner claimed that two other essential elements of the crime were not proved, one being that he made the phone call reporting the car stolen, and the other being that the report was false. We pretermit decision thereon because we find merit in petitioner's contention that the State failed to prove petitioner's criminal intent.