GOTHARD, Judge.
Defendant Donald P. Barrilleaux appeals his conviction for violation of LSA-R.S. 14:59, criminal mischief, on grounds of double jeopardy. We reverse and set aside the conviction because of insufficiency of the evidence.
On November 11, 1986 Barrilleaux dialed 911 and reported a chemical spill at 1255 Peters Road in Jefferson Parish. The police and fire department were notified, investigated and found no spill. The issue of double jeopardy arose from the defendant’s first being charged with abusing the 911 emergency telephone line in violation of Jefferson Parish Ordinance 16911[1] and found not guilty when the state’s witnesses failed to appear. Later on, under a new bill of indictment, he was charged again with violating Ordinance 16911 and also with a second count, violating LSA-R.S. 14:59, both counts in connection with the phone call of November 11, 1986.
At the beginning of trial, on November 3, 1988, defense counsel requested a ruling on a pending motion to quash one of the counts in the bill of information.[2] In that motion, the defendant argued that the two counts of the bill of information were dupli-cative. The court reserved its ruling on the motion until the close of the state’s evidence, when the court granted the motion and quashed count 1 of the bill of information, abuse of the 911 emergency telephone line. At the conclusion of the trial, the court found the defendant guilty of criminal mischief and later sentenced him to ninety days in the parish prison, suspended, and inactive probation for six months. The judge also imposed a fine of $100, plus court costs. Before sentencing, counsel for defendant had filed a motion in arrest of judgment, on grounds of double jeopardy, which was denied. On appeal he assigns as error the court’s denial of the motion.
Although LSA-C.Cr.P. art. 920 limits matters to be reviewed on appeal to errors “discoverable by a mere inspection of the pleadings and without inspection of the evidence,” the Supreme Court has ruled that the sufficiency of the evidence should also be reviewed. State v. Raymo, 419 So.2d 858 (La.1982). This court set out the standard of review for sufficiency in State v. Harper, 480 So.2d 483, 485 (La.App. 5th Cir.1985):
... The standard we must use is whether the record evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational juror that the defendant is guilty beyond a reasonable doubt of the crime of which he has been convicted. State v. Camp, 446 So.2d 1207 (La.1984).
The statute under which Barrilleaux was convicted, R.S. 14:59(5) reads as follows:
Criminal mischief is the intentional performance of any of the following acts:
[[Image here]]
*990 (5) Giving of any false report or complaint to a sheriff, or his deputies, or to anyo officer of the law relative to the commission of, or an attempt to commit, a crime;_ [Emphasis supplied.]
A tape recording of the anonymous call, made at 8:59 a.m. on November 11, 1986 was introduced into evidence. The caller said, “I want to report a chemical spill at 1255 Peters Road.” The operator then asked what kind of spill, to which he responded, “Toxic waste.” When asked for his name he said, “Just a concerned citizen.” At trial, the executive vice president of Evans Industries testified that Barril-leaux had been employed by his company for many years. His duties at the plant involved testing fluids discharged at the plant to detect toxic spills. The company terminated him on November 3, 1988 for insufficient performance. Barrilleaux testified that he received a call from a friend at Evans Industries on November 11, who told him they had had a spill. Barrilleaux then went to the ditch at Peters Road, tested the liquid there with litmus, and found the pH to be excessive. He attempted to call the Department of Environmental Quality but could find no telephone number and then used the 911 number. He alleged that Evans had fired him as a scapegoat because the Environmental Protection Agency caught the plant discharging hazardous waste. He was angry, and when he heard of another spill he wanted the discharging of hazardous waste to stop, expecting the fire department would respond and find the spill.
As stated in the criminal mischief statute under which the defendant was convicted, one of the essential elements of the crime is that the false report communicated by the perpetrator to law enforcement officials must relate to the commission of, or an attempt to commit, a crime. LSA-R.S. 14:59(5). A review of the evidence in this case reveals that insufficient evidence existed to convict Barrilleaux of criminal mischief. A chemical spill, if actual, may present a dangerous situation; however, a chemical spill, per se, is not a crime.[3] At worst, the defendant communicated to the police a false report concerning an unsubstantiated dangerous situation. This, however, falls short of the conduct proscribed and made a criminal offense by LSA-R.S. 14:59(5). Barrilleaux’s activity may well have constituted an abuse of the 911 emergency telephone line, but he was not convicted of that crime. Rather, the defendant was found guilty of criminal mischief under a statute requiring evidence of a false report of the commission or attempted commission of a crime. As no evidence relative to a crime was presented at trial, we find that defendant’s conviction and sentence must be set aside. State ex rel Johnson v. Maggio, 449 So.2d 547 (La.App. 1st Cir.1984), writ denied, 450 So.2d 354 (La.1984). We need not consider defendant’s assignment of error, double jeopardy. Our review of the record revealed no patent errors.
For the reasons assigned, defendant’s conviction and sentence are reversed, and a judgment of acquittal is entered in his favor.
REVERSED; JUDGMENT OF ACQUITTAL RENDERED.

. Jefferson Parish Ordinance 16911 is codified as Section 20-33 of the Jefferson Parish Code.

. Barrilleaux had gone to court on the first charge unrepresented. Counsel alleges that he was unaware of the first bill of information until he discovered it in the record after trial.

. Under certain circumstances the perpetrator of a chemical spill may be subjected to criminal liability. See LSA-R.S. 30:2183 G. However, this record is devoid of any evidence that Barril-leaux communicated information, false or otherwise, relating the alleged chemical spill to any criminal liability or illegal activity.