670 So.2d 683 (1996)
STATE of Louisiana, Appellee,
v.
Ben O. HAYES, Defendant-Appellant.
No. 95-1170.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1996.
*684 J. Reed Walters, Dist. Atty., for State of Louisiana.
Dmitrc I. Burnes, Alexandria, for Ben O. Hayes.
Before DOUCET, C.J., and YELVERTON and SAUNDERS, JJ.
DOUCET, Chief Judge.
This is an appeal of the simple burglary conviction and sentence of the defendant, Ben 0. Hayes. The defendant was convicted by a jury of simple burglary on March 27, 1995, and immediately, after waiving the delays for sentencing, was sentenced to twelve (12) years at hard labor plus payment of court costs. The defendant was provided counsel during voir dire, but was not represented by counsel during his trial, which resulted in his conviction. However, on June 14, 1995, the trial court appointed an attorney to represent the defendant on appeal. Counsel for the defendant has filed seven assignments of error. One of these assignments of error is a request for an errors patent review which is automatically done on all appeals in this circuit; four of the assignments of error concern the failure to appoint an attorney to represent the defendant at trial.
FACTS
The defendant was arrested on the evening of November 12, 1994, while removing equipment and supplies from the EOTT Energy Corporation Compound in Tullos, Louisiana. On November 14, 1994, the defendant was brought before the court for his right to counsel hearing. At that point he informed the court he would retain an attorney. On November 17, 1994, the defendant appeared without counsel, was formally arraigned and trial was set for January 23, 1995; again, the defendant informed the court he would retain an attorney to represent him. On January 23, 1995, the defendant's case was called for trial. The defendant was not present. Therefore, a bench warrant was issued for his arrest. One week later on January 30, 1995, the defendant's case was continued, without comment, to February 27, 1995.
On February 27, 1995, the defendant was present in court and informed the court that he had been incarcerated in the East Baton Rouge Parish Jail. The defendant talked with Mr. Don Wilson, an attorney with the public defender's office and stated he did not wish to plead guilty. The defendant informed Mr. Wilson that he had plenty of assets to hire his own attorney, even though Mr. Wilson questioned the truth of this assertion. The trial court informed the defendant that his trial would be reset for March 27, 1995, and that trial would proceed whether or not the defendant had an attorney to represent him.
On March 27, 1995, four months after the defendant was arrested for the crime, the defendant appeared for trial without an attorney. The trial court appointed Mr. Mark Talley from the Indigent Defender's Office to assist the defendant in jury selection. Mr. Talley informed the court that the defendant wished to have an attorney to represent him and that, he, Mr. Talley was totally unprepared to represent the defendant because of lack of notice and preparation. The trial judge insisted on going forward with the trial and ordered Mr. Talley to aid the defendant *685 during voir dire. Mr. Talley was not required to represent or aid Mr. Hayes beyond that point.
According to the court minutes, jury selection began at 9:00 a.m. and ended at 2:00 p.m. At 2:30 p.m., the trial judge gave his preliminary instructions to the jury, the state presented its opening statement and evidence; resting at 3:00 p.m. The thirty minutes of testimony from the three witnesses consists of approximately 17 pages of transcript. The defendant asked no questions of any of the witnesses and continually requested the assistance of an attorney. At 4:14 p.m., the jury was issued its instructions. The jury retired to deliberate at 4:25 p.m. and reached a verdict of guilty of simple burglary at 4:38 p.m., some 13 minutes later. Immediately after the defendant was found guilty of simple burglary, he waived the delays for sentencing and received the statutory maximum sentence of 12 years at hard labor. In sentencing the defendant, the trial judge noted that the defendant had committed three felonies within the last ten years. However, the trial judge neither stated for the record the nature of those three felonies, nor did he include in the record the rap sheet from which he was getting this information. Approximately three months after the defendant was convicted and sentenced, the trial court appointed Mr. Dan Cornett to represent the defendant on appeal.
Defendant filed seven assignments of error on appeal. Inasmuch as we find the errors raised in defendant's assignments of error numbers 3 and 6 require us to set aside his conviction and remand for a new trial, we need not address the remaining assignments of error.
ASSIGNMENTS OF ERROR NUMBERS 3 AND 6
By these two assignments of error, the defendant contends that the trial court erred in failing to appoint an attorney to represent him in all phases of this matter, thereby denying the defendant his constitutional right to effective counsel and due process, and that the trial court erred in forcing the defendant to go to trial with an attorney who had not had sufficient time in which to prepare a defense and in limiting this attorney's service only to assistance in selecting a jury.
Before being allowed to represent himself, a criminal defendant must knowingly and intelligently waive his constitutional right to counsel. State v. Mitchell, 580 So.2d 1006 (La.App. 3 Cir.1991), writ denied, 613 So.2d 969 (La.1993).
A criminal defendant is guaranteed the right to counsel by both the state and federal constitutions. U.S. Const. amend. VI; La. Const. art. I, § 13. Absent a knowing and voluntary waiver of the right to counsel, no person may be imprisoned unless represented by counsel at trial. State v. Smith, 479 So.2d 1062 (La.App. 3 Cir.1985), citing Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).
Before a defendant may waive his right to counsel, the trial court must determine whether the defendant's waiver of counsel is intelligently and voluntarily made, and whether his assertion of his right to represent himself is clear and unequivocal. State v. Hegwood, 345 So.2d 1179 (La.1977). The determination of whether there has been an intelligent waiver of the right to counsel depends upon the facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. State v. Harper, 381 So.2d 468 (La.1980). Although a defendant should be made aware of the dangers and disadvantages of selfrepresentation, there is no particular formula which must be followed by the trial court in determining whether a defendant has validly waived his right to counsel. State v. Carpenter, 390 So.2d 1296 (La.1980). However, the record must establish that the accused knew what he was doing and that his choice was made "with eyes open." Id. at 1298, citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
The Third Circuit Court of Appeal has repeatedly required the trial court meet the following requirements in determining whether a defendant has validly waived his right to counsel: first, determine a defendant's literacy, competency, understanding and volition, i.e. was defendant's waiver of counsel made voluntarily and intelligently; and second, warn the defendant of the dangers and disadvantages of self-representation, *686 so that the record establishes that the defendant knew what he was doing. Mitchell, 580 So.2d 1006; Smith, 479 So.2d 1062; State v. Adams, 526 So.2d 867 (La.App. 3 Cir.1988); State v. Sepulvado, 549 So.2d 928 (La.App. 3 Cir.1989); and State v. Bourgeois, 541 So.2d 926 (La.App. 3 Cir.1989), writ denied, 572 So.2d 85 (La.1991).
This requirement of a meaningful inquiry by the court always applies to an express waiver, by the defendant, of his right to counsel. Whether such inquiry is required for an implied waiver of the right to counsel is uncertain. See, State v. Leggett, 363 So.2d 434 (La.1978). It is uncertain the extent to which courts will determine whether there was an implied waiver of the right to counsel.
For example, in State v. Harper, 381 So.2d 468, a criminal defendant who refused to be represented by the Indigent Defender Board and could not retain a private attorney, refused to represent himself. At trial, the defendant was forced to represent himself. An indigent defender was present to assist the defendant, but the defendant refused any assistance and was eventually convicted. The Louisiana Supreme Court relied upon cases requiring the defendant be informed of the dangers and disadvantages of self-representation in upholding Harper's conviction. The supreme court concluded that the defendant's refusal to accept the assistance of appointed counsel, readily available to him, was a knowing and voluntary waiver of his right to the assistance of counsel. Id.
Thus, an implied waiver of a defendant's right to counsel is a result of conduct by the defendant in failing to secure counsel and refusing to accept court appointed counsel. State v. McGowan, 359 So.2d 972 (La. 1978); Harper, 381 So.2d 468; and State ex rel. Johnson v. Maggio, 449 So.2d 547 (La. App. 1 Cir.), writ denied, 450 So.2d 354 (La.1984). The defendant's constitutional right to counsel of his choice may not be used to obstruct the orderly procedure in our courts nor to interfere with the fair administration of justice. State v. Champion, 412 So.2d 1048 (La.1982); and State v. Simms, 505 So.2d 981 (La.App. 3 Cir.1987). The defendant must exercise his constitutional right at a reasonable time, in a reasonable manner, and at an appropriate stage in the criminal justice system. Champion, 412 So.2d at 1050, citing State v. Lee, 364 So.2d 1024 (La.1978).
In a somewhat similar case, State v. Brooks, 452 So.2d 149 (La.1984), the Louisiana Supreme Court appeared to limit the situations in which an implied waiver of the right to counsel may be found. In the Brooks opinion, the supreme court stated that the implied waiver language in McGowan, 359 So.2d 972, and State v. Wisenbaker, 428 So.2d 790 (La.1983) was simply "dicta."
In Brooks, the defendant's family hired a new attorney to represent him two days before trial. The new attorney was allowed to enroll as counsel but denied a motion for continuance. Thereafter, this new attorney did absolutely nothing on behalf of his client except remain in the courtroom during the trial. The Louisiana Supreme Court ruled that the defendant's right to the assistance of counsel had not been knowingly and intelligently waived, thereby resulting in a reversal of his conviction. Although the supreme court noted that they could not speculate whether the defendant quietly went along with an affirmative effort to build reversible error or whether his lack of response when his lawyer did nothing was an implied waiver of his right to counsel, the record affirmatively showed that he was not represented by counsel at trial. Brooks, 452 So.2d 149.
This extremely liberal interpretation of the right to counsel was followed in State v. Dupre, 500 So.2d 873 (LaApp. 1 Cir.1986), writ denied, 505 So.2d 55 (La.1987). In Dupre, the defendant had a court appointed advisor who assisted him and ended up representing him for a significant portion of his trial. However, when the defendant initially told the trial court that he lacked the means to hire an attorney and did not want one appointed to represent him, the trial court failed to inform the defendant of the dangers and disadvantages of self-representation or to inquire about the defendant's literacy, competency, understanding and volition. The failure to make this inquiry a part of the record resulted in reversal of the conviction.
The situation in the case at bar, while similar to that in Dupre, presents a stronger case for reversal. On the day of trial, March 27, 1995, the defendant was not represented by counsel. The trial judge appointed Mr. *687 Mark Talley from the Indigent Defender Board to assist the defendant in jury selection. However, Mr. Talley informed the court he was unprepared to represent Mr. Hayes since he had received no prior notice. Yet, the trial judge insisted the trial proceed. Except for voir dire, defendant had no legal assistance or representation at all and conducted no defense; even though throughout the trial he continued to request the assistance of counsel. Despite defendant's repeated pleas, the trial judge steadfastly refused his request.
Additionally, the trial judge never attempted to obtain a valid waiver of the defendant's right to counsel.
Accordingly, this court reverses, vacates, and sets aside defendant's conviction and sentence and remands this case for retrial. Before retrial, the trial court is instructed to hold a proceeding to determine the indigence of the defendant in accordance with La.R.S. 15:147. Defendant shall be represented by a court appointed attorney at said hearing. If it is determined at the hearing that the defendant has sufficient assets to hire an attorney or partially reimburse the Indigent Defender's Board, then La.R.S. 15:148 provides the process by which the trial court may determine the amount of reimbursement due, if any.
REVERSED AND REMANDED WITH INSTRUCTIONS.