PER CURIAM.
| granted. Although a trial court “may reassess a determination of indigency at any time,” State v. Frank, 99-0553, p. 5 *846 (La.1/17/01), 803 So.2d 1, 8, see La.R.S. 15:175(A)(l)(d), in the present ease the juvenile court abused its discretion by finding, on the basis of testimony from defendant’s mother that she once worked with her brother cutting grass although she now receives public assistance and is on medication for her nerves, that defendant was not entitled to the presumption of indigency as a matter of La.R.S. 15:175(A)(l)(b) because his mother is “voluntarily unemployed.” Even assuming, arguendo, that the presumptions of indigency set forth in R.S. 15:175(A)(l)(b) are rebuttable, the juvenile court made no finding that, in fact, because of other resources or assets available to her, defendant’s mother can afford the cost of transcribing the adjudication hearing for purposes of appeal. Cf. State v. Adams, 369 So.2d 1327, 1329 (La.l979)(“To make the light to assistance of court appointed counsel a reality ... the court must not confine itself to a determination of whether the [2accused ought to be able to retain counsel but must decide whether in fact he is able to do so.”) (citations omitted). The juvenile court’s judgment is vacated and the court is directed to grant the motion for an appeal, to set a return date for the appeal, and to order the adjudication hearing transcribed for purposes of the record on appeal at no cost to defendant.