611 So.2d 1381 (1993)
STATE of Louisiana
v.
Frederick KNIGHT.
No. 92-K-1385.
Supreme Court of Louisiana.
January 19, 1993.
*1382 M. Craig Colwart, for applicant.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Jack Peebles, Asst. Dist. Atty., David Lawrence Arena, Asst. Dist. Atty., for respondent.
WATSON, Justice.[*]
In this prosecution for possession of cocaine, the question is whether defendant was denied his constitutional right to counsel. A new lawyer was appointed at the time trial began, and the court denied a continuance for trial preparation.

FACTS
On the night of October 5, 1989, two New Orleans police officers followed a car which disregarded a red light. The officers stopped the car, which lacked a license plate. Officer Hartman saw the driver secret something at his waistline. A pat-down search revealed a small packet of cocaine and a syringe.
Defendant, Frederick Knight, was charged with simple possession of cocaine (LSA-R.S. 40:967) in addition to two traffic violations. The trial court appointed the New Orleans Indigent Defender Program to represent the defendant. The case was assigned to Joseph Meyer, who represented most indigent defendants in that criminal court section. Meyer appeared at the pre-trial proceedings and succeeded in having the cocaine suppressed. After the court of appeal reversed the suppression [574 So.2d 483 (La.App. 4th Cir.1991) ], the case was called to trial on March 5, 1992. Meyer was on vacation. Another indigent defender, Maurice Hattier, was in court to "cover" the docket for Meyer that day. Despite Hattier's ignorance of the case, the trial court in effect appointed Hattier as new counsel for Knight, denied a continuance and proceeded to trial.
Officer Hartman and the expert who identified the cocaine testified for the prosecution. The second officer, Miller, was not served and did not appear. The trial court denied a defense motion for an instanter subpoena. Hattier presented no defense but cross-examined the state's witnesses.
Knight was convicted of simple possession and sentenced to three years at hard labor. He appealed, claiming that his trial counsel rendered ineffective assistance. The court of appeal affirmed in an unpublished opinion. 599 So.2d 1105 (La.App. 4th Cir.1992). A writ was granted to consider whether the trial court constructively denied defendant counsel. 604 So.2d 956 (La. 1992).

LAW
The Sixth Amendment of the United States Constitution guarantees the accused in all criminal prosecutions the right to counsel. Article 1, § 13, of the Louisiana *1383 Constitution affords the same protection, which is also detailed in the Louisiana Code of Criminal Procedure. See LSA-C.Cr.P. art. 511.
The right to counsel's assistance is a fundamental right. Arizona v. Fulminante, ___ U.S. ___, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
In Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), the trial court appointed all the members of the bar to represent defendants. The appointment was so indefinite that it constituted a constructive denial of counsel.
Although formal appointment of counsel does not satisfy the constitutional guarantee, a short period of time is sometimes sufficient for trial preparation. See Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940). Prejudice to a defendant may be presumed when counsel fails to subject the state's case to a meaningful adversary test. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).
Three days, including a Saturday and Sunday, have been held inadequate for Louisiana trial preparation. State v. Winston, 327 So.2d 380 (La.1976). A general appointment of the Public Defender's Office does not justify designating an unprepared attorney from that office on the morning of trial. State v. Simpson, 403 So.2d 1214 (La.1981).

CONCLUSION
While both Meyer and Hattier were public defenders, the trial court constructively denied counsel by appointing Hattier at the time of trial and proceeding to trial in Meyer's absence. Fulminante said complete absence of counsel is a structural trial defect, not subject to harmless error analysis. There is no significant difference between what happened here and complete absence of counsel. The trial judge's discretion extends to continuances, but not to an unconstitutional denial of counsel.
For the foregoing reasons, Knight's conviction and sentence are vacated and the matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring and assigning additional reasons.
Forcing an accused to trial with an unprepared attorney conscripted at the last minute in order to fulfill the constitutional requirement of providing counsel makes a mockery of the right to counsel. The trial judge may have been righteously irritated by the failure of the attorney assigned the case by the Indigent Defender Board to appear on the date fixed for trial or to make other adequate arrangements for representation. The failings (if any) may warrant attorney sanctions, but any such failures cannot be imputed to the accused who is constitutionally guaranteed the right to have an attorney at trial who has at least some opportunity to prepare a defense.
NOTES
[*] Judge Melvin A. Shortess of the First Circuit Court of Appeal sitting in place of Justice Cole.