JiPLOTKIN, Judge.
This appeal arises from a dispute between attorneys over the division of a contingency fee. At issue is whether an agreement to divide fees evenly between the attorneys is enforceable after the voluntary withdrawal from representation by one attorney. Finding Rule 1.5 of the Louisiana Rules of Professional Conduct applicable, and no clear’ error on the part of the jury, we affirm the division of fees awarded by the jury.
On January 3, 1991, attorney Alan J. Green agreed to represent Carol and Nathaniel Adams Jr. in exchange for twenty-five percent of the amount recovered on behalf of their injured son. On March 15,1991, Green sent a letter to attorney Ernest Lee Caulfield, which confirmed their agreement to divide the contingency fee equally in exchange for Caulfield’s assistance in representing the Adams family. On November 2, 1992, Green withdrew from the representation because of his election to Division “C” in the Twenty Fourth Judicial District. By January 6, 1994, the Adams family had settled their dispute with all defendants for an amount in excess of six million dollars. Green and Caulfield disputed the division |gof the contingency fee. After hearing extensive testimony, a jury divided the fee as follows: seventy-eight percent to Caulfield and twenty-two percent to Green. The trial judge assessed costs in the same proportion. Green appeals.
In his first assignment of error, Green contends that his agreement to share the contingency fee evenly with Caulfield constitutes an enforceable joint venture agreement, citing Scurto v. Siegrist, 598 So.2d 507 (La.App. 1st Cir.), writ denied, 600 So.2d 683 (La.1992). Therefore, Green asserts that the jury erred in finding him enti- *325 tied to only twenty-two percent of the fee. Caulfield replies that their agreement was nullified when Green withdrew from representation of the Adams family to run for public office, distinguishing Scurto and relying on jurisprudence that applies Rule 1.5(e) of the Rules of Professional Conduct.
The parties debate the interpretation and applicability of the Scurto decision in their briefs. The Scurto decision is readily distinguished. In Scurto, the first circuit upheld an agreement between attorneys to share a contingency fee. Unlike the instant case, however, in which attorney Green withdrew from representation, neither of the attorneys disputing the division of fees in Scurto was discharged or withdrew from representation.
In Saucier v. Hayes Dairy Products, Inc., 37S So.2d 102, 115 (La.1979) (on rehearing), the Louisiana Supreme Court held that the Rules of Professional Conduct have the force and effect of substantive law. See also Sterling Scott Williams, The Concept of an “Earned Fee” in the Regulation of Attorneys Fees by the Louisiana Supreme Court, 42 La.L.Rev. 1181,1187-91 (1982). Under Rule 1.5 of the Rules of Professional Conduct, the courts of this state have consistently used quantum meruit to determine what portion of the eventual recovery should be received by an attorney who has been discharged before the conclusion of a ease, regardless of the fee arrangement with the client before | -¡discharge. See, e.g., Fontenot & Mitchell v. Rozas, Manuel, Fontenot & McGee, 425 So.2d 259, 260 (La.App. 3d Cir.1982), writ denied, 432 So.2d 268 (La.1983); see also In re P & E Boat Rentals, Inc., 928 F.2d 662, 664-65 (5th Cir.1991).
In Thomas v. B.J. Titan Services Co., 95-2377, 95-2378, p. 6 (La.App.4th Cir. 5/22/96), 675 So.2d 747, 750, however, this Court recently distinguished the Fontenot decision and noted in the context of a fee dispute between attorneys that the Rules of Professional Responsibility are designed primarily to protect clients from unscrupulous attorneys. Likewise, appellant Green contends that the Rules of Professional Conduct do not apply to the instant appeal because the dispute is one between attorneys. The Thomas decision, however, is readily distinguished. In Thomas, an attorney, who in all other respects honored a fee sharing agreement, withdrew so as to not stand in the way of settlement in a related action. At the time of withdrawal, the remaining attorney fully intended to share the anticipated contingency fee and did not expect the withdrawing attorney to perform any further work on the case. Thomas, supra, at 750. In contrast in the instant appeal, Green withdrew from representation to run for public office prior to the compromise of the Adams family’s claims. There is evidence that the agreement between Green and Caulfield required equal participation in the expenses and preparatory work. There is evidence that the agreement was breached by Green when he neither paid half of the expenses nor participated equally in trial preparation.
Under the circumstances and in accordance with Rule 1.5 of the Rules of Professional Conduct and the jurisprudence, Green is clearly barred from enforcing the agreement to share the contingency fee equally. At trial, the jury heard extensive testimony from Green, Caulfield, and several other attorneys who were | .Involved in the Adams matter. It has not been established that the jury’s determination of the reasonable value of services rendered is clearly wrong. This assignment of error is without merit.
In his second assignment of error, Green contends that the trial judge erred in instructing the jury that judges are not permitted to practice law. Green has not asserted with any specificity what prejudice resulted. The error, if any, was harmless. This assignment of error is without merit.
In his third assignment of error, Green contends that trial judge improperly cumulated his action for the fee deposited in the trial court’s registry with the breach of contract action brought by Caulfield against Green. Green did not take exception to the cumulation below and cannot object to consolidation for the first time on appeal. This assignment of error is without merit.
Accordingly, the judgment which awards seventy-eight percent of the fees to Caulfield and twenty-two percent to Green and assesses costs in the same proportion is affirmed. *326 Costs of the appeal are assessed to appellant Green.

AFFIRMED.