759 So.2d 34 (2000)
STATE of Louisiana
v.
Raymond LAUGAND.
Nos. 99-KO-1124, 99-KO-1327.
Supreme Court of Louisiana.
March 17, 2000.
*35 Donald Whitehead North, Baton Rouge, for Applicant.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Susan Erlanger Talbot, New Orleans, for Respondent.
Raymond Laugand, pro se.
PER CURIAM.[*]
A judge may not respond to an unexpected disruption of the court's trial schedule, caused by a conflict in defense counsel's own trial schedule which results in counsel's absence on the morning of trial, by denying a motion for a continuance and forcing the defendant to trial without an attorney. State v. Wisenbaker, 428 So.2d 790 (La.1983); City of Baton Rouge v. Dees, 363 So.2d 530 (La.1978). We observed in Wisenbaker, 428 So.2d at 793, that "[i]f counsel, and not defendant, was at fault for counsel's failure to appear or to give timely notice to the trial court of a conflict in schedule, then sanctions must be taken against counsel, not the defendant." (footnote omitted); see also Dees, 363 So.2d at 532 ("Whatever may have been the court's right to discipline counsel if the present motion for continuance was untimely or ill-founded, the client cannot be penalized, by the loss of his constitutional right to legal representation at his trial, for his lawyer's lapse arising out of a conflict in the lawyer's trial schedule."). Similarly, a trial judge may not constructively deny the defendant his right to counsel by forcing him to trial represented by an attorney who refuses to participate in any manner in the proceedings because he believes he has not had time to prepare an adequate defense, State v. Brooks, 452 So.2d 149, 155-56 (La.1984)(on reh'g), or by an attorney who participates in the proceedings but is completely unprepared to try the case because the court has appointed him as substitute counsel on the morning of trial. State v. Knight, 611 So.2d 1381 (1993). We again emphasized in Knight that while the trial judge "may *36 have been righteously irritated by the failure of the attorney assigned the case ... to appear on the date fixed for trial or to make other adequate arrangements.... [t]he failings (if any) may warrant attorney sanctions, but ... cannot be imputed to the accused who is constitutionally guaranteed the right to have an attorney at trial who has at least some opportunity to prepare a defense." Id., 611 So.2d at 1383 (Lemmon, J., concurring).
In the present case, unlike Wisenbaker, Dees, and Knight, counsel appeared in court on the day of trial, claiming that he was fresh from trial in another parish and that as the result of a scheduling conflict, he had been unable to prepare relator's case for trial, although the court had continued the first setting of trial for one month the day after appointing counsel to represent relator. Counsel was therefore physically available to try the case and, unlike the defense attorney in Brown, he did not stand mute after the trial court denied his motion for a continuance but cross-examined the state's witnesses and argued the case to jurors at the close of evidence.
Nevertheless, we granted relator's application for supervisory review because the record proceedings below not only corroborates counsel's assertion he had not prepared relator's case but also reveals that the trial court had to intervene to keep counsel from pursuing matters which appeared directly adverse to relator's interests, notably, cross-examination of a police witness which threatened to reveal relator's arrest on other serious charges, and which prompted an incendiary confrontation between counsel and relator in open court. The incident clouds confidence that the judicial process functioned properly in this case and was one we could not have anticipated when we denied relator's pretrial application to review the denial of his motion to continue with the comment that "[d]efendant may reraise on appeal in the event of conviction." State v. Laugand, 97-0516 (La.2/27/97), 689 So.2d 1368 (Lemmon, J., concurring). It further appears that counsel embarked upon trial by issuing an instanter subpoena for a missing alibi witness who ultimately could not be located because he had moved, but did not bring the problem to the court's attention until after the state rested its case. This omission prompted the court to express for the record its own frustration that "[a]t no time did Counsel ask any assistance of this Court to get this witness in," and to observe that counsel had, in any event, failed to file the notice of alibi defense required by La.C.Cr.P. art. 727.
Counsel thereby failed to lay the legal groundwork for presenting an alibi defense; subpoenaed a witness under circumstances which suggested not an informed professional assessment that an alibi defense was a viable one but a desperate attempt to cobble together any defense at the last moment; failed even to provide the court with all of the information necessary to make a fully informed decision on the continuance motion; and, once trial began, pursued questioning of the state's witnesses at trial which revealed lack of even a rudimentary knowledge of the circumstances surrounding the investigation of the crime and the arrests of relator and his co-defendant. Given these circumstances, we agree with Judge Plotkin, who dissented from the panel opinion which affirmed relator's conviction and sentence for second degree murder, that while "[i]t is frustrating to continue a trial where one side is prepared to go forward ... forcing an attorney to trial who is unprepared does not punish the attorney for his/her lack of readiness, it merely punishes the defendant who is unable to present an adequate defense." State v. Laugand, 97-1554, p. 3 (La.App. 4th Cir. 4/7/99), 738 So.2d 209 (unpub'd) (Plotkin, J., dissenting).
Accordingly, we reverse the decision of the court of appeal, set aside relator's conviction and sentence, and remand this case *37 to the district court for all further proceedings in accord with the law.
NOTES
[*] Calogero, C.J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.