997 So.2d 642 (2008)
STATE of Louisiana
v.
Shane CLIFTON.
No. 08-KA-139.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2008.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District Parish of Jefferson, Terry M. Boudreaux, Andrea F. LongAppellate Attorney, Shannon K. SwaimTrial Attorney, Assistant District Attorneys, Gretna, Louisiana, for the State of Louisiana.
Katherine M. Franks, Attorney at Law, Louisiana Appellate Project, Abita Springs, LA for Appellant, Shane Clifton.
*643 Panel composed of Judges SUSAN M. CHEHARDY, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
SUSAN M. CHEHARDY, Judge.
On December 11, 2006, the Jefferson Parish District Attorney's office charged defendant, Shane Clifton, with aggravated flight from an officer, in violation of La. R.S. 14:108.1(C). Defendant entered a plea of not guilty on December 12, 2006.
Trial of the matter commenced on March 14, 2007. After hearing the evidence, a twelve-person jury unanimously found defendant guilty as charged. On April 19, 2007, the trial court sentenced him to two years in the Department of Corrections.
Subsequently, the State filed a multiple offender bill of information alleging that defendant's underlying sentence should be enhanced because he had three prior felony convictions: two separate convictions in 1995 for distribution of cocaine and one conviction in 2000 for possession of cocaine with intent to distribute. After a hearing, the trial court found that the defendant was a fourth felony offender, vacated his original two-year sentence, and imposed an enhanced sentence of life imprisonment, without benefit of parole, probation, or suspension of sentence. Defendant is appealing his underlying conviction and sentence.

Facts
On the morning of November 23, 2006, Officer Anthony Venezia was on routine patrol in Marrero, Louisiana near the intersection of Wabash Street and James Drive when he observed a white car spinning its rear tires and traveling towards him in reverse up the street. Officer Venezia, who was in a marked police unit, activated his lights and siren to alert the driver to his presence. The officer testified that the car would have backed into his police cruiser if he had not alerted its driver.
When Officer Venezia approached the vehicle, he asked the driver for his driver's license, insurance, and registration. The driver, later identified as the defendant herein, sped off, forcing the officer to jump out of the way. Officer Venezia ran to his car, turned on his lights and siren, and chased defendant down James Drive. He estimated that during the chase, defendant's vehicle accelerated to 60 miles per hour("mph") in a residential zone with posted speed limits of 20 mph. As defendant's vehicle approached the next intersection, a van turned onto James Drive. According to Officer Venezia, the van was forced to pull off into the grass to avoid a head-on collision with defendant's car.
Shortly thereafter, defendant exited the white car and ran. Officer Venezia pursued defendant on foot while advising him to stop. Officer Venezia grabbed defendant's arm, but defendant struck Officer Venezia in the chest. After the struggle, Officer Venezia used his Taser to subdue defendant and place him in handcuffs. When Officer Venezia ran defendant's name through the NCIC database, he learned that defendant had three outstanding traffic attachments. Officer Venezia also stated that the van that had been forced off the roadway had left the area by the time he had subdued defendant.
At trial, defendant admitted that he was in his vehicle backing down James Drive to let his friend in a van pull in front of him. Defendant testified that Officer Venezia used his loud speaker and told him to pull over. He stated Officer Venezia approached his vehicle and asked for his insurance and title. Defendant testified that he gave Officer Venezia all of his paperwork then Officer Venezia ordered *644 defendant out of the car. According to defendant, Officer Venezia told him to put his hands on the back of the police car and then hit him with a taser for no reason.
Defendant presented a witness, Julia Martin, at trial. Ms. Martin testified she was driving a van at the time of the incident. She stated the police stopped defendant when he backed up in the middle of the street. She stated she left when the officer exited his vehicle and started talking to defendant. Ms. Martin explained she was at the next intersection when defendant pulled along side her with the police in pursuit. She stated she did not have to move her vehicle out of the way when defendant approached. Ms. Martin testified she saw defendant get out of his car and then she left the scene. Based on the foregoing, the twelve-person jury found defendant guilty of aggravated flight from a police officer.
In his sole assignment of error, defendant argues that the trial judge abused his discretion in refusing to grant a continuance forcing Mr. Clifton to trial with counsel that was unprepared, and interfering with his Sixth Amendment right to counsel.[1] Defendant specifically argues that his counsel was retained only four days prior to the first trial setting and did not have adequate time to prepare a defense. He contends his counsel admitted he was not prepared for trial and points to numerous acts and omissions by his counsel at trial to prove his counsel's lack of preparedness.[2] Defendant asserts the denial of his motion to continue interfered with his Sixth Amendment right to counsel.
The State responds defendant stated at his arraignment that he would retain his own counsel. Further, defendant had three months between his arraignment and trial to retain counsel, but instead chose to wait until four days before the pre-trial hearing to retain counsel. The State maintains that the case was based on an uncomplicated charge and involved only one State witness and, further, defense counsel adequately cross-examined the State's witness and even presented an independent witness. The State argues defendant failed to show prejudice from the denial of the motion to continue.
Here, the record reflects that defendant was arraigned on December 12, 2006. He was represented by an attorney from the Indigent Defenders Board ("IDB") for purposes of the arraignment only. At the arraignment, defendant advised the trial court that he intended to retain his own counsel. On that day, a pre-trial hearing was set for March 8, 2007 and defendant was notified of the date.
At the pre-trial hearing on March 8, 2007, Victor Dorsey appeared as retained counsel for defendant and trial was set for March 12, 2007. Both parties appeared for trial on March 12, 2007, but trial was *645 continued until March 14, 2007 because a trial was still in progress in that division.
On March 14, 2007, prior to the commencement of trial, defense counsel filed a written motion to quash the bill of information and a written motion for continuance. Defense counsel indicated he first met with defendant in court on the day of the pre-trial hearing, which was one week prior to trial. He argued that he had not had much time to meet with defendant since defendant had been in custody since November 2006 and was not in Jefferson Parish until the pre-trial hearing on March 8, 2007.
The trial court denied the motion to continue and noted that it had ordered defendant to remain in custody in Jefferson Parish from the pre-trial hearing until trial to accommodate defense counsel. The trial court also noted the case did not appear complicated as the State only had one witness.[3] Immediately after the denial of defendant's motion to continue, defense counsel advised the trial court of a witness he would like to call but had not had the opportunity to contact. The trial court accommodated defense counsel by issuing an instanter subpoena for the witness, Julia Martin.
The granting of a continuance is discretionary on the part of the trial judge. The denial of a motion for continuance is not grounds for reversal absent abuse of discretion and a showing of specific prejudice. La.C.Cr.P. art. 712; State v. Jackson, 04-758, p. 4 (La.App. 5 Cir. 11/30/04), 889 So.2d 1071, 1073.
Defendant cites State v. Laugand, 99-1124, 99-1327 (La.3/17/00), 759 So.2d 34, in support of his position that the trial court abused its discretion in denying the motion to continue. In Laugand, the Louisiana Supreme Court reversed the defendant's second-degree murder conviction after finding the trial court erred in denying the defendant's motion to continue. The trial had been continued for one month after defense counsel was appointed to represent the defendant. On the day of trial, defense counsel appeared and moved for a continuance on the basis he was unprepared for trial. The trial court denied the motion to continue. The supreme court noted defense counsel cross-examined the State's witnesses and argued the case to the jury at the close of evidence. Id. at 2, 759 So.2d at 36.
Nonetheless, the supreme court found the record showed defense counsel was unprepared for trial. It referred to the trial court's need to intervene during the trial to prevent defense counsel from pursuing matters adverse to the defendant. The supreme court commented that defense counsel's questions showed defense counsel's lack of rudimentary knowledge of circumstances surrounding the case. It also referred to defense counsel's failed attempt to obtain the appearance of an alibi witness through an instanter subpoena. In reversing the defendant's conviction, the supreme court stated the defendant was punished when the trial court forced his unprepared defense counsel to trial. State v. Laugand, supra at 3, 759 So.2d at 36.
In the instant case, three months passed between defendant's arraignment and his trial. This Court has upheld the denial of motions to continue where there has been as little as two months between the arraignment and trial date, reasoning that *646 such time period is sufficient for a defendant to retain counsel. See State v. Bartley, 03-1382, pp. 4-7 (La.App. 5 Cir. 3/30/04), 871 So.2d 563, 566-68, writ denied, 04-1055 (La.10/1/04), 883 So.2d 1006 (two months between the arraignment and trial); State v. Williams, 00-1850, pp. 3-5 (La.App. 5 Cir. 4/11/01), 786 So.2d 785, 790-91, writ denied, 01-1432 (La.4/12/02), 812 So.2d 666 (three months between the arraignment and trial); and State v. Divine, 98-812, pp. 4-5 (La.App. 5 Cir. 5/19/99), 738 So.2d 614, 617, writ denied, 99-2393 (La.2/4/00), 754 So.2d 222, cert. denied, 530 U.S. 1219, 120 S.Ct. 2227, 147 L.Ed.2d 258 (2000) (two months between the arraignment and trial).
In Bartley, Williams, and Divine, the defendant based his motion for continuance on the basis that he had newly retained counsel, who was unprepared as counsel was recently hired to replace defendant's now-former counsel. In the instant case, defense counsel asserted in his motion to continue that he had been retained the day before the pre-trial conference, which was more than one week before trial. Further, defense counsel did not request the continuance because he was unprepared for trial, but rather, because he had been deprived of an opportunity due to defendant's incarceration to consult with defendant to prepare a defense.
Our review of the record reveals that defendant was held in Jefferson Parish, by the trial court's order, from at least March 8, 2007 until March 14, 2007, to allow defense counsel to meet with defendant. Further, as noted by the trial court and reflected in the record, the charge against defendant was not complicated.
The State only presented one witness at trial, Officer Venezia. The record reflects that defense counsel effectively cross-examined the State's witness, Officer Venezia, and attempted to impeach him with the police report. Defense counsel gave opening and closing statements, pointed out weaknesses in the State's case, and demonstrated his familiarity with the facts surrounding the incident. Moreover, defense counsel presented an independent witness, Julia Martin, in an effort to refute an element of the charged offense.[4]
Unlike Laugand, the trial counsel in the present case did not pursue any theories adverse to defendant's interest nor does the record demonstrate that defense counsel was unfamiliar with the facts of the case. Additionally, defense counsel successfully secured the presence of a germane witness through an instanter subpoena.
Most importantly, defendant failed to show that he was prejudiced by the denial of his motion to continue. In particular, he failed to demonstrate how his strategy would have been any different if the trial court had granted a continuance. Based on the foregoing, we see no error in the trial court's denial of defendant's motion to continue.
Our review of the record for errors patent reveals none that require correction.[5] *647 For the foregoing reasons, defendant's underlying conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] By a letter dated March 19, 2008, defendant requested the appellate record and noticed his intent to file a pro se supplemental brief. This Court permitted access to the record and ordered defendant to file his brief by May 19, 2008. Our records show that defendant did not file a supplemental brief before this matter was submitted for decision.
[2] By reply brief, appellant sought to reserve any claim of ineffective assistance of counsel for an application for post-conviction relief where an evidentiary hearing could be held. As a general rule, claims of ineffective assistance of counsel are more properly raised by application for post conviction relief in the trial court where a full evidentiary hearing may be conducted if warranted. State v. Hampton, 98-0331, p. 8 (La.4/23/99), 750 So.2d 867, 877; State ex rel. Bailey v. City of W. Monroe, 418 So.2d 570 (La. 1982); State v. Prestridge, 399 So.2d 564 (La.1981). Defendant is not barred from raising the issue in an application for post-conviction relief.
[3] Of note, defense counsel did not object to the denial of his motion to continue. However, no objection is required to a ruling on a written motion in order to permit the ruling to be considered on appeal. State v. Sims, 02-1244, p. 6 (La.App. 5 Cir. 4/29/03), 845 So.2d 1116, 1120, writ denied, 03-2189 (La.8/20/04), 882 So.2d 570.
[4] In order to convict an offender of aggravated flight from a police officer, the State must offer proof of at least two of four circumstances to prove human life was endangered during the flight. In this case, the State presented testimony that defendant's flight forced another vehicle, a van, to leave the roadway and defendant exceeded the speed limit by 25 mph. Defense witness, Julia Martin, testified she was driving a van on the day of the incident when defendant drove up along side her with the police in pursuit. However, Ms. Martin stated she was never forced off the road.
[5] This Court routinely reviews records for patent error, pursuant to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).