PAUL A. BONIN, Judge.
b The present appeal raises the issue of whether the trial court erred in denying defense’s untimely motion to continue, when that continuance was sought on the grounds that counsel had not yet consulted *251 with her client on the facts of the case. Appellant, Joseph L. Ford, was convicted on November 19, 2008, of possession of between twenty-eight and two hundred grams of cocaine, a violation of La. R.S. 40:967(F)(1). Immediately prior to trial, the defendant appeared in court with defense counsel, and the defense moved for a continuance due to the fact that Mr. Ford and his attorney had not yet discussed the facts of his case. After the court denied the defense’s motion to continue as untimely, a jury found Mr. Ford guilty as charged. Mr. Ford now urges that this court find that the trial judge erred in denying the motion to continue, because such denial forced his attorney to proceed to trial unprepared — “constructively” denying him the effective assistance of counsel at trial. We reject this argument and, for the reasons that follow, affirm Mr. Ford’s conviction and sentence.
FACTS
On May 6, 2008, New Orleans police officers executed two search warrants at 4117 Willow Street, which was described as a white, wood framed residence | «that was shaped like the letter “L.” The warrants, acquired by Detective Harry Stovall, permitted searches of the apartment in the front of the residence as well as the apartment at the back of the residence. Detectives Stovall and Roceaforte were part of the team (which included a canine unit) that executed the warrant to search the apartment at the back of the house. After entering the apartment, Detective Rocea-forte recovered a brown paper bag from inside an electrical panel. Inside the bag were three clear plastic bags — each containing several pieces of what he recognized to be crack cocaine. Detective Sto-vall recovered cocaine from the dresser drawer located in the bedroom of the apartment.
Mr. Ford arrived at the scene while the officers executed the warrant, and officers arrested him. He acknowledged that he lived in the rear apartment. After being informed of his rights, Mr. Ford made a statement that the guns and drugs found inside his apartment belonged to a man named Eric Smith, who purportedly lived in the front apartment at 4117 Willow Street.[1]
At trial, the parties stipulated that Sergeant O’Neal was an expert in the analysis and identification of controlled and dangerous substances. He testified that the substances seized from Mr. Ford’s apartment tested positive for cocaine. The sergeant also testified that the total weight of the cocaine seized was 34.7 grams. At the conclusion of the trial, a jury found Mr. Ford guilty of possession of between twenty-eight and two hundred grams of cocaine. This appeal followed.
ERRORS PATENT
A review of the record for errors patent reveals none.
| «ASSIGNMENT OF ERROR
Mr. Ford’s sole assignment of error alleges that the district court abused its discretion by denying counsel’s motion to continue the trial. Mr. Ford urges that the trial court’s denial of a continuance resulted in the constructive denial of counsel — or at least the ineffective assistance of counsel. Trial counsel sought a continuance either the morning of or the day before the trial on grounds that she had *252 never met with her client.[2] A party may seek a motion for continuance pursuant to La. C. Cr. P. art. 707, which provides in part that such motion shall be filed at least seven days prior to the commencement of the trial. Because this continuance motion was not raised at least seven days prior to trial, the district court denied the motion as untimely.
The decision to grant or deny a continuance lies within “the sound discretion of the trial judge, and a reviewing court will not disturb such a determination absent a clear abuse of discretion.” State v. Johnson, 96-0950 (La.App. 4 Cir. 2/4/98), 706 So.2d 468, 478-79 (on rehearing); See also State v. Martin, 93-2085 (La.10/17/94), 645 So.2d 190, 197 (“The decision to grant or deny a motion for continuance lies within the wide discretion of the trial court.”). To demonstrate that the trial court erred in denying the continuance, a showing of specific prejudice is generally required. State v. Holmes, 590 So.2d 834 (La.App. 4 Cir.1991). Mr. Ford has not made such a showing. The trial court in this case acted within its wide discretion in denying the defense’s untimely motion for continuance.
To support its assertion that the trial court abused its discretion in denying the motion to continue, Mr. Ford argues that he was “constructively” denied |4counsel and cites State v. Laugand, 99-1124 (La.3/17/00), 759 So.2d 34. The Louisiana Supreme Court in Laugand found that the trial court erred in denying defense’s motion to continue on the basis that counsel was unprepared. The court reversed defendant’s conviction because the record clearly corroborated counsel’s claim that he was unprepared; the court particularly emphasized the fact that the trial court had to intervene to prevent counsel from pursuing matters that were directly adverse to the defendant’s interests, “which prompted an incendiary confrontation between counsel and [defendant] in open court.” Laugand, 759 So.2d at 36. Mr. Ford asserts that the record in this case similarly corroborates his claim that counsel was so unprepared as to constitute the “constructive” absence of counsel. We cannot agree.
The record in this case does not reveal errors that would lead this court to conclude that Mr. Ford was constructively denied counsel. In fact, the record shows that, prior to trial, his trial counsel had served on the case since shortly after his arraignment on July 15, 2008. Trial counsel represented Mr. Ford at a motion hearing on September 18, 2008 — during which, as the transcript indicates, counsel presented evidence and appeared well-prepared. Trial counsel was joined by another attorney at trial two months later, on November 19, 2008, during which the defense gave argument, made objections, and thoroughly questioned the state’s witnesses regarding the execution of the warrant, Mr. Ford’s arrest, and his statement. While trial counsel has a professional, ethical, and legal duty[3] to confer [¡¡with her *253 client, her failure to do so prior to trial does not amount to a “constructive” denial of counsel. See, e.g., State v. Johnson, 04-0178 (La.App. 4 Cir. 12/8/04), 892 So.2d 28.
Mr. Ford further asserts that due to trial counsel’s failure to consult with him prior to trial, he received ineffective assistance of counsel. Appellate courts routinely defer the issue of ineffective assistance of counsel as a matter more properly addressed in an application for post conviction relief — in order for the trial court to conduct a full evidentiary hearing to uncover facts not ascertainable from the record on appeal. See State v. Prudholm, 446 So.2d 729 (La.1984); State v. Reed, 483 So.2d 1278 (La.App. 4 Cir.1986). La. C. Cr. P. arts. 930 el seq. An appellate court may decide a claim of ineffective assistance when “the record discloses evidence needed to decide the issue.” State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4 Cir.1986). For the following reasons, we find that the record does not disclose sufficient evidence to decide Mr. Ford’s claim of ineffective assistance.
To obtain relief under the claim of ineffective assistance of counsel, a defendant must meet the two-part test of Strickland v. Washington, which requires that he show both that his trial counsel was deficient and that such deficiency | ¿resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel’s performance is deficient if the defendant can show that counsel made such serious errors that she was effectively not functioning as the “counsel” guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 686, 104 S.Ct. at 2064. To establish prejudice, a defendant must prove that these errors deprived him of a fair trial by showing that “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 693,104 S.Ct. 2052. The defendant must satisfy both prongs of this test to establish that counsel was so ineffective as to require reversal. State v. Garland, 482 So.2d 133, 135 (La.App. 4 Cir.1986) (quoting Strickland, 466 U.S. at 687, 104 S.Ct. 2052).
It is uncontested that trial counsel did not consult with her client prior to trial.[4] In this case, Mr. Ford only alleges that counsel’s failure to meet with him prior to the trial prevented her from knowing his “side of the story” that could have led to a substantive defense. He does not provide any details or indicate what she may have done differently. Without knowing anything whatsoever about Mr. Ford’s “side of the story,” we cannot speculate on the array of possible defenses available to him — much less determine whether any of those defenses might have changed the *254 outcome of his trial. Because the record is insufficient on the matter, we are unable to determine whether trial counsel was effective or not.
Further, the circumstances surrounding trial counsel’s failure to meet with Mr. Ford remain unclear. The record shows that a few days before trial, Mr. Ford claimed that he attempted to visit trial counsel in the Public Defender’s Office but that she was not there. Mr. Ford alleged that he left his contact information with 17her office, but trial counsel maintained that she had no contact information for her client. On the morning of trial, Mr. Ford told the trial judge that he had come to the court “about three weeks ago” to express his displeasure with the way his case was being handled by the Public Defender’s Office. As a result of this visit to the court, the trial judge contacted trial counsel, who reassured the trial judge that she had been investigating and working on the case but that she had no contact information for Mr. Ford. The trial judge said she doubted that Mr. Ford had even visited the Public Defender’s Office. Moreover, the judge said that trial counsel had previously indicated to the court that “she was ready,” and that “she had done her work on her case.” The trial judge did not abuse her discretion in denying the defense’s untimely motion to continue.
CONCLUSION
The evidence on the record is insufficient for this court to rule on the merits of the claim of ineffective assistance of counsel. Trial counsel claims to have been unable to consult with her client prior to trial yet she failed to file a timely motion to continue. The trial judge acted within her wide discretion in denying an untimely motion to continue. While we find that the denial of this motion did not amount to the “constructive” denial of counsel, appellant maintains the right to raise a claim for ineffective assistance of counsel in post-conviction proceedings in the trial court.
Accordingly, we affirm the conviction and sentence.
AFFIRMED.
LOMBARD, J., Concurs in Result.

. Mr. Smith did not appear during the search. A warrant for his arrest was subsequently obtained, but it is unknown if he was ever arrested. In the search of the front apartment, the police did not recover any evidence, although the canine alerted to the presence of drugs.

. There is some confusion as to whether the oral motion for a continuance was made either the day before trial or on the trial date. The trial court seems to have been under the impression that the defense was filing the motion the morning of the trial, on November 19, 2008. Trial counsel, however, contends that she filed the motion on November 18, 2008. Regardless, either filing date would render the motion untimely.

. Louisiana's Rules of Professional Conduct recognize a lawyer’s duty to consult with her client. The Rules of Professional Conduct have the force and effect of substantive law. See Adams v. Med-Force, 682 So.2d 323, 325 (La.App. 4 Cir. 10/16/96). Louisiana Rule of Professional Conduct 1.4(a) and (b), provide:
(a) A lawyer shall:
(1) promptly inform the client of any decision or circumstance with respect to which *253 the client’s informed consent, as defined in Rule 1.0(e), is required by these Rules;
(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
(3) keep the client reasonably informed about the status of the matter;
(4) promptly comply with reasonable requests for information; and
(5) consult with the client about any relevant limitation on the lawyer’s conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.
(b) The lawyer shall give the client sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued.

. On the morning of trial, trial counsel’s supervisor attempted to stipulate to the fact of trial counsel’s ineffective assistance. This does not change the fact that the record before us is insufficient to make a finding of ineffective assistance of counsel under Strickland.