MARC E. JOHNSON, Judge.
 

 ^Defendant was charged with one count of distribution of marijuana in violation of La. R.S. 40:966(A) and one count of distribution of cocaine in violation of La. R.S. 40:967(A). He pled not guilty and filed several pre-trial motions, including a motion to suppress identification which the trial court denied after a hearing. Defendant proceeded to trial on February 24, 2010, and a unanimous 12-person jury found defendant guilty as charged on both counts. The trial court sentenced defendant to 25 years at hard labor on each count to run concurrently. The trial court ordered the first two years of defendant’s sentence on count two, distribution of cocaine, be served without benefit of parole, probation, or suspension of sentence.
 

 The State subsequently filed a multiple offender bill of information, using count two as the underlying offense, alleging defendant was a third felony offender. After a hearing, the trial court determined defendant was a third felony offender. The trial court then vacated defendant’s original sentence on count two | .¡and imposed an enhanced sentence of 30 years at hard labor, to run concurrently with the sentence imposed on count one, distribution of marijuana. The multiple offender proceedings are not part of the instant appeal.
 

 Defendant files this appeal contending his 25-year sentence for distribution of marijuana is excessive. In a pro
 
 se
 
 brief, defendant claims he received ineffective assistance of counsel. For the reasons that follow, we affirm.
 

 FACTS
 

 This case arises from two undercover narcotics transactions that took place in Jefferson Parish in an area that was being targeted by police because of complaints of narcotics activity.
 

 The first transaction occurred on August 24, 2009. On that date, undercover agent Kris Summers,
 
 [1]
 
 of the Jefferson Parish Sheriffs Office, went to the area around the D & A Food Store in the 2600 block of the Westbank Expressway in Harvey. Once she arrived at this location, she approached a black male, later identified as defendant, and asked him for a “twenty,” which is street slang for twenty dollars’ worth of illegal narcotics. Defendant handed Agent Summers two clear plastic bags of green vegetable matter, and Agent
 
 *1182
 
 Summers, in turn, gave defendant twenty dollars in prerecorded funds. This transaction was captured on the recording equipment in Agent Summers’ vehicle. The video of the transaction was played for the jury at trial, and Agent Summers testified that the recording accurately reflected the transaction on August 24, 2009.
 

 After Agent Summers completed the buy, she left the area, signed onto the radio, and gave a description of the transaction as well as the suspect. She then met with investigating officers to turn over the evidence. The substance was field tested, and it proved positive for the presence of marijuana. Additionally, Thomas | ¿Angelica, an expert in the testing, analysis, and identification of controlled dangerous substances, testified he analyzed the green vegetable matter and that it was in fact marijuana. He further stated the gross weight of the marijuana, including the bag it was in, was 3.89 grams.
 

 The second transaction occurred on August 25, 2009. On that date, undercover agents Linda Roberts and Juan Castro, of the Jefferson Parish Sheriffs Office, proceeded to the same location in Harvey. When they arrived at the targeted area, Agent Roberts, the driver of the vehicle, called defendant over to her vehicle and asked him for a “twenty.” Defendant apparently did not have the drugs on him, so he left the area and then came back. Defendant approached the passenger side of the vehicle and reached over Agent Castro to conduct the transaction. Defendant handed Agent Roberts some crack cocaine, and, in exchange, she gave defendant twenty dollars in prerecorded funds. This transaction was captured on the recording equipment in Agent Roberts’ vehicle, and the recording was played for the jury at trial. Agent Roberts testified that the recording accurately depicted the narcotics buy on August 25, 2009. In addition, Agent Castro testified that the recording accurately depicted “what he participated in” on August 25, 2009.
 

 Once Agent Roberts departed the area, she gave a description to the officers who were monitoring the transaction. She then met with the case officer and gave him the substance to be field tested and logged as evidence. A field test of the substance proved positive for the presence of cocaine. Additionally, Mr. Angelica testified the off-white material in the evidence bag contained cocaine and that the gross weight of the cocaine was .09 grams.
 

 Agent Castro testified at trial that he witnessed the August 25, 2009 transaction. He stated he observed a black male, wearing a blue bandana and a 15blue shirt with green and white stripes,
 
 [2]
 
 hand Agent Roberts narcotics, and he observed Agent Roberts give defendant money.
 

 Sergeant Joseph Williams, assistant group supervisor in narcotics, viewed the recordings of the transactions, and recognized defendant because they were raised in the same neighborhood. On August 26, 2009, Sergeant Williams, accompanied by another officer, went to the location where the transactions occurred, stopped defendant, and conducted a field interview. Thereafter, a six-person photographic lineup was prepared.
 

 A few days later, on August 31, 2009, the three undercover officers involved in the transactions were shown the photographic lineup. Each officer positively identified defendant in the photographic lineup as the individual from whom the narcotics were purchased. After these
 
 *1183
 
 positive identifications were made, an arrest warrant for defendant was prepared.
 

 LAW & ANALYSIS
 

 Excessive Sentence
 

 Appellate counsel’s sole assignment of error is the excessiveness of defendant’s 25-year sentence on count one, distribution of marijuana. The sentencing range for distribution of marijuana is five to 30 years. La. R.S. 40:966(B)(3). Counsel argues that defendant’s upper-end sentence was excessive considering the small amount of marijuana sold. Counsel claims the evidence shows at best that defendant was a small time operator, not a “dope dealer” worthy of a near maximum penalty. Counsel further suggests defendant was given such a lengthy sentence because he was being punished for not agreeing to plead guilty.
 

 |fiThe Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 State v. Warmack,
 
 07-311, p. 5 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, 109. In reviewing a sentence for ex-cessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court’s sense of justice. The trial judge is afforded wide discretion in determining sentences, and the appellate court will not set aside a sentence for excessiveness if the record supports the sentence imposed.
 
 State v. Berry,
 
 08-151, p. 10 (La.App. 5 Cir. 6/19/08), 989 So.2d 120, 131,
 
 writ denied,
 
 08-1660 (La.4/3/09), 6 So.3d 767. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate.
 
 State v. Williams,
 
 03-3514, p. 14 (La.12/13/04), 893 So.2d 7, 16-17.
 

 At the sentencing hearing, the trial judge stated he had considered the guidelines of La.C.Cr.P. art. 894.1. He noted he was most troubled by defendant’s criminal history, which included burglary, unauthorized entry, and battery on a police officer. The trial judge explained that this history was serious because the crimes involved risks to the health and safety of individuals.
 

 We do not find the trial court abused its discretion in imposing a 25-year sentence upon defendant. The trial judge carefully considered the sentencing guidelines of La.C.Cr.P. art. 894.1 and clearly articulated on the record the reasons for the sentence imposed. We have upheld a similar sentence.
 
 See State v. Brown,
 
 03-581, p. 11 (La.App. 5 Cir. 11/12/03), 861 So.2d 644, 655,
 
 writ denied,
 
 03-3407 (La.4/2/04), 869 So.2d 875, where this Court upheld a 30-year sentence for a ^defendant convicted of possession with intent to distribute marijuana noting that the defendant was in possession of. a large amount of marijuana and had prior drug arrests.
 

 Insofar as counsel suggests that defendant received such a severe sentence because he refused the plea bargain, this issue was not raised by objection at the time of sentencing or in defendant’s motion to reconsider sentence. Therefore, this issue is not properly before this Court.
 
 State v. Aleman,
 
 01-743, p. 8 (La.App. 5 Cir. 1/15/02), 809 So.2d 1056, 1066,
 
 writ denied,
 
 02-0481 (La.3/14/03), 839 So.2d 26. Nonetheless, we have reviewed it and find no merit to the claim.
 

 If a trial judge has agreed to impose a particular sentence pursuant to a plea bargain, this does not restrict him from imposing a more severe sentence if
 
 *1184
 
 the defendant elects to go to trial and is convicted. The sentencing judge must nonetheless comply with constitutional standards, and the sentence should not be increased due to vindictiveness arising from the exercise of the defendant’s right to stand trial. A judge’s disposition to impose a lenient sentence during plea discussions should not be understood as setting a limit for the justifiable sentence under accepted principles of criminal justice.
 
 State v. Frank,
 
 344 So.2d 1039, 1045 (La.1977);
 
 State v. Aleman,
 
 01-743 at 13; 809 So.2d at 1066.
 

 In
 
 Bordenkircher v. Hayes,
 
 434 U.S. 357, 363-64, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978), the United States Supreme Court stated:
 

 To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person’s reliance on his legal rights is ‘patently unconstitutional.’ But in the ‘give-and-take’ of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecutor’s offer.
 

 [[Image here]]
 

 While confronting a defendant with the risk of more severe punishment clearly may have a ‘discouraging effect on the defendant’s assertion of his trial rights, the imposition of these | Rdifficult choices [is] an inevitable’ — and permissible — ‘attribute of any legitimate system which tolerates and encourages the negotiation of pleas.’ It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor’s interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty. [Citations omitted.]
 

 In
 
 State v. Henderson,
 
 94-286, p. 6 (La.App. 5 Cir. 12/14/94), 648 So.2d 974, 978, this Court, citing
 
 Bordenkircher,
 
 rejected the defendant’s claim that his sentence was vindictive. The defendant in
 
 Henderson
 
 rejected a plea bargain of a six-and-a-half year sentence, went to trial, and received an 18-year sentence following conviction. This Court noted that the defendant chose not to accept the plea bargain offered by the State, thereby taking the risk of a greater penalty upon conviction. Thus, the Court concluded that defendant’s sentence was not vindictive.
 

 Likewise, in the present case, defendant was given the option of accepting or rejecting the State’s offer, and he chose to reject it. There is nothing in the record to indicate that the sentence imposed on defendant was vindictive. Thus, we find the sentence imposed on defendant was not constitutionally excessive or vindictive.
 

 Ineffective Assistance of Counsel
 

 In his
 
 pro se
 
 appellate brief, defendant claims that his counsel was ineffective. After setting forth the general standard for judging ineffectiveness of counsel claims, defendant lists 22 alleged errors, many of which do not even relate to ineffective actions by counsel. In setting forth his claims, defendant does not point to any specific errors but merely makes conclusive statements without offering any argument or supporting authority.
 

 All specifications or assignments of error must be briefed, and the appellate court may consider as abandoned any specification or assignment of error not | gbriefed.
 
 See
 
 Uniform Rules — Courts of Appeal, Rule 2-12.4. Restating an assigned error in brief without argument or citation of authority does not constitute
 
 *1185
 
 briefing.
 
 State v. Knight,
 
 09-359, p. 16 (La.App. 5 Cir. 2/9/10), 34 So.3d 307, 324.
 

 In
 
 State v. Fernandez,
 
 03-987, p. 6 (La.App. 5 Cir. 12/30/03), 864 So.2d 764, 770, this Court found that the defendant failed to brief his position where he merely asserted his position, but failed to include argument or supporting legal citation. This Court found that the assertions presented nothing for review on appeal.
 

 Likewise, in the present case, we find that with regard to all 22 of defendant’s listed claims, there is nothing for this Court to review. Defendant merely asserted his position without argument or supporting legal citation. Further, with regard to defendant’s claims that actually relate to ineffectiveness of counsel, we find they are more properly raised in an application for post-conviction relief rather than by direct appeal because the record does not contain sufficient evidence to fully explore defendant’s claims.
 
 See State v. Allen,
 
 06-778, p. 7 (La.App. 5 Cir. 4/24/07), 955 So.2d 742, 751,
 
 writ denied,
 
 08-2432 (La.1/30/09), 999 So.2d 754.
 

 In particular, several of defendant’s claims appear to relate to the adequacy of his defense. In claim one, without alleging specifics, defendant asserts that he was not provided an adequate defense. This claim seems to refer to his belief, seemingly stated in claim 20, that counsel should have argued entrapment at trial because the officers actually called him over to the car and initiated the drug transactions with him. Defendant again seems to assert his general allegation that he received an inadequate defense in claim 22, where he stated the video of one of|10the transactions did not show his face and did not show any money or cocaine exchange hands. These claims potentially relate to counsel’s trial strategy.
 

 This Court has held that ineffectiveness of counsel relating to trial strategy cannot be determined by review of the record on appeal, but rather such a claim must be asserted by application for post-conviction relief where the issue can be considered through an evidentiary hearing to determine, among other things, the defense strategy and whether the defendant himself was aware of the strategy and agreed to it.
 
 State v. Haynes,
 
 09-109, p. 9 (La.App. 5 Cir. 2/9/10), 34 So.3d 325, 334,
 
 writ denied,
 
 10-0493 (La.9/24/10), 45 So.3d 1073.
 

 Additionally, defendant contends he was denied effective assistance of counsel because his counsel did not have enough time to prepare a defense (claim 2) because he was appointed to represent defendant only 38 days prior to the trial date (claim 6) and because his appointed attorney Williams only saw him one time before the trial date (claim 15). Defendant also appears to claim that counsel did not have enough time to file pre-trial motions before the scheduled motion hearing (claim 7).
 

 In
 
 State v. F.B.A.,
 
 07-1526, p. 11 (La.App. 3 Cir. 5/28/08), 983 So.2d 1006, 1017,
 
 writ denied,
 
 08-1464 (La.3/27/09), 5 So.3d 138, defendant argued that his counsel was unprepared for trial and that he personally only had four days in which to prepare with his counsel prior to trial which was, in his opinion, very inadequate. In that case, the court noted that defendant’s trial counsel had almost two months to prepare for trial but nonetheless concluded that it could not address the preparedness issue on the appellate record, and that the issue would be better relegated to post-conviction proceedings where a full evidentiary hearing could be conducted.
 
 See also State v. Ford,
 
 09-0392, pp. 5-6 (La.App. 4 Cir. 10/21/09), 24 So.3d 249, 253-254,
 
 writ denied,
 
 09-2516 (La.4/30/10), 34 So.3d 280, where the |ncourt concluded that the record on appeal was insufficient to review the claim that counsel’s failure to consult with defendant prior to trial resulted in
 
 *1186
 
 ineffective assistance of counsel, and thus, declined to rule on the merits of that claim on appeal.
 

 In summary, we find defendant has failed support the claims stated in his
 
 pro se
 
 brief with argument and legal citations. Therefore, there is nothing for this Court to review. Furthermore, of the 22 stated claims that specifically relate to ineffective assistance of counsel, we find such claims are better raised in an application for post-conviction relief where an evidentiary hearing can be held if necessary.
 

 We have reviewed the record for errors patent according to La.C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990), and find no errors that require corrective action.
 

 AFFIRMED
 

 [1]
 

 . For purposes of this opinion, the officers involved in the drug buys will be referred to by their undercover names.
 

 [2]
 

 . Defendant was apparently wearing the same clothes on August 24, the date of the first undercover transaction, August 25, the date of the second transaction, and August 26, 2009, the date defendant was stopped for a field interview.