# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-828 and 08-1231


**STATE OF LOUISIANA**

**VERSUS**

**MASON GODFREY**


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 16,993-05
HONORABLE ARTHUR J. PLANCHARD, DISTRICT JUDGE

************

**JIMMIE C. PETERS
JUDGE**

************

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.

**ADJUDICATION AND SENTENCE VACATED, AND REMANDED.**

**Terri R. Lacy**
**James "David" Caldwell, Jr.**
**Harrell "Butch" Wilson, Jr.**
**Assistant Attorneys General**
**Louisiana Department of Justice**
**Post Office Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6200**
**COUNSEL FOR APPELLEE:**
   **State of Louisiana**


**Peggy J. Sullivan**
**Louisiana Appellate Project**
**Post Office Box 2775**
**Monroe, LA 71207-2775**
**(318) 387-6124**
**COUNSEL FOR DEFENDANT/APPELLANT:**

**Mason Godfrey**

**Mason Godfrey**
**Louisiana State Penitentiary**
**Angola, LA  70212**
**PRO SE**

PETERS, J.

This matter was previously before us in the form of two separate appeals. The first addressed the defendant's conviction of intimidation of a public officer, a violation of La.R.S. 14:122, and his three-year hard labor sentence. *State v. Godfrey*, 08-828 (La.App. 3 Cir. 2/18/09), 4 So.3d 265. However, before the defendant perfected his appeal of that conviction and sentence, the State of Louisiana (state) filed pleadings to have him adjudicated as a habitual offender and sentenced accordingly. The trial court subsequently adjudicated him as a fourth felony offender and sentenced him to serve twenty-five years at hard labor, without benefit of probation, parole, or suspension of sentence. The multiple offender adjudication and sentence gave rise to the second appeal. *State v. Godfrey*, 08-1231 (La.App. 3 Cir. 2/18/09), 4 So.3d 272. It is this second appeal which is the subject of this opinion.

When this matter was previously before us, we vacated the defendant's adjudication and sentence as a multiple offender, but only because we vacated his conviction for intimidation of a public officer and entered a verdict of guilty of the misdemeanor lesser and included offense of threatening a public official, a violation of La.R.S. 14:122.2. *Godfrey*, 4 So.3d 265. Thus, we did not consider the merits of the appeal itself.

The supreme court granted the state's supervisory writ application, reinstated the defendant's conviction and underlying sentence of three years and remanded the matter to this court to consider the issues raised concerning the habitual offender adjudication and sentence imposed thereunder. *State v. Godfrey*, 09-K-0630 (La. 12/1/09), 6 So.3d 801. We now address the three assignments of error raised by the defendant in his appeal of his habitual offender adjudication and sentence:

I.     It was error to adjudicate Mr. Godfrey a fourth felony offender.

II.    The sentence of twenty-five years without benefit of probation, parole or suspension of sentence was excessive.

III.   As the sentence imposed was excessive, the Trial Court's denial of the Motion to Reconsider Sentence was error.

**OPINION**

Louisiana Revised Statutes 15:529.1 provides enhanced penalties for anyone convicted of a felony and who has previously been convicted of felony offenses. The underlying convictions which form the basis of the defendant's adjudication include a 1984 Louisiana conviction for aggravated battery, a violation of La.R.S. 14:34; a 1979 Louisiana conviction for accessory to manslaughter, a violation of La.R.S. 14:31 and 14:25; and a 1976 Texas conviction for aggravated assault on a peace officer. Any conviction of an offense under the laws of another state may be used to enhance the penalty if the offense would have been a felony had it been committed under the laws of this state. La.R.S. 15:529.1(A)(1). The defendant admits committing the offenses and does not challenge the two Louisiana convictions. Instead, he argues in his first assignment of error that the Texas conviction would not have been a felony in Louisiana and, therefore, should not have been used to enhance his sentence.

In 1974, the State of Texas convicted the defendant of aggravated assault of a peace officer. At that time, Texas law defined an assault as an offense which:

    (1) intentionally, knowingly, or recklessly causes bodily injury to another; or

    (2) intentionally or knowingly threatens another with imminent bodily injury; or

    (3) intentionally or knowingly causes physical contact with another when he knows or should reasonably believe that the other will regard the contact as offensive or provocative.

2

Tex. Penal Code Ann. § 22.01(a) (Vernon 1974).

As defined in this statute, the offense of assault was a misdemeanor. Tex. Penal Code Ann. § 22.01(b) (Vernon 1974). However, Texas law also provided for a felony grade assault:

(a) A person commits an offense if he commits assault as defined in Section 22.01 of this code and he:

(1) causes *serious bodily injury* to another;

(2) causes *bodily injury* to a peace officer in the lawful discharge of official duty when he knows or has been informed the person assaulted is a peace officer; or

(3) uses a deadly weapon.

(b) The actor is presumed to have known the person assaulted was a peace officer if he was wearing a distinctive uniform indicating his employment as a peace officer.

(c) an offense under this section is a felony of the third degree.

Tex. Penal Code Ann. § 22.02 (Vernon 1974) (emphasis added).

Thus, in 1974, the State of Texas drew a distinction between an assault on an individual, generally, and an assault on an individual who happened to be in his employment as a peace officer at the time of the assault. To reach a felony grade assault on an individual generally, the offense would have to cause "serious bodily injury." However, assault on a peace officer required only "bodily injury" to constitute a felony. "Bodily injury" was defined in Tex. Penal Code Ann. § 1.07(7) (Vernon 1974), as "physical pain, illness, *or* any impairment of physical condition." (Emphasis added.)

The defendant admits his conviction under Texas law for aggravated assault on a peace officer, and he acknowledges that the offense was a felony grade offense under Texas law. However, he argues that at the time of the Texas offense, there

3

existed no corresponding felony statute in Louisiana. That is to say, had he been convicted in Louisiana, his offense would have been a misdemeanor.

> In order for a conviction from another state to serve as a predicate felony for enhancement purposes, the conviction must be for a "crime which, if committed in this State would be a felony. . . ." LSA-R.S. 15:529.1(A)(1). Louisiana courts must determine the analogous state crime according to the nature of the act involved, not the penalty provided for the offense in the foreign jurisdiction. *State v. Carouthers*, 618 So.2d 880, 882 (La.1993).

*State v. Grimes*, 09-2, p. 13 (La.App. 4 Cir. 5/26/09), 16 So.3d 418, 427.

A reading of the Texas statute, as it existed in 1974, clearly establishes that battery and assault were considered the same offense in that state while Louisiana defined them as separate offenses. "[I]n order to determine whether an out-of-state offense was equivalent to a Louisiana felony, the date of the commission of the crime becomes extremely important." *State v. Kennerson*, 96-1518, p. 16 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1377. In 1974, the following statutes, found in Title 14, defined the offenses of battery and assault:

> Battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another.

La.R.S. 14:33.

> Aggravated battery is a battery committed with a dangerous weapon.
>
> Whoever commits an aggravated battery shall be imprisoned with or without hard labor for not more than ten years.

La.R.S. 14:34.

> Simple battery is a battery, without the consent of the victim committed without a dangerous weapon.
>
> Whoever commits a simple battery shall be fined not more than three hundred dollars, or imprisoned for not more than six months, or

4

both.

La.R.S. 14:35.

> Assault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery.

La.R.S. 14:36.

> Aggravated assault is an assault committed with a dangerous weapon.
>
> Whoever commits an aggravated assault shall be fined not more than three hundred dollars, or imprisoned for not more than six months, or both.

La.R.S. 14:37.

> Simple assault is an assault committed without a dangerous weapon.
>
> Whoever commits a simple assault shall be fined not more than fifty dollars, or imprisoned for not more than ninety days, or both.

La.R.S. 14:38.

The evidence introduced by the state included nothing concerning the circumstances surrounding the defendant's Texas conviction. Thus, we are left with only the fact that the defendant was convicted of assaulting a Texas peace officer and causing him "bodily injury." Such a criminal act in 1974 was analogous to Louisiana's offense of simple battery, a misdemeanor.

We recognize that Louisiana law does now provide that a battery of a police officer is a criminal offense.

> Battery of a police officer is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty.

La.R.S. 14:34.2(A)(1).

However, that statute was not enacted until 1981, and whether the offense is a misdemeanor or felony depends on the severity of the battery and/or the relationship of the offender with the criminal justice system as it existed at the time of the offense. It only becomes a felony grade offense if committed while the offender is in custody (La.R.S. 14:34.2(B)(2)), or if the injury the police officer sustains as a result of the battery requires "medical attention." La.R.S. 14:34.2(B)(3). Thus, we find that the state cannot rely on the provisions of La.R.S. 14:34.1, second degree battery. Not only was it enacted in 1978, or after the Texas offense, but its application requires infliction of "serious bodily injury" and there is no evidence of such an injury.

We find that the trial court erred in adjudicating the defendant as a fourth felony offender and, hereby, vacate the defendant's adjudication and sentence. In doing so, we recognize that the evidence does support a finding that the defendant is a third felony offender. However, because double jeopardy does not apply to habitual offender adjudications, the state has the option of reestablishing the defendant's third felony status or of attempting to establish the defendant's fourth felony offender status at a new hearing. *See Kennerson*, 695 So.2d 1367. At the new habitual offender hearing, the defendant is to be represented by counsel, or if he chooses self-representation, the trial court shall obtain a knowing and intelligent waiver of his right to counsel in according with the requirements set forth in *State v. Hayes*, 95-1170 (La.App. 3 Cir. 3/6/96), 670 So.2d 683.

Based on our decision to vacate the adjudication and remand this matter to the trial court for further proceedings, we need not consider the defendant's remaining assignments of error.

6

## DISPOSITION

For the foregoing reasons, we vacate the defendant's adjudication as a fourth felony offender, set aside the sentence imposed, and remand the matter to the trial court for proceedings consistent with this opinion.

**ADJUDICATION AND SENTENCE VACATED; AND REMANDED.**